**Jess M. MILLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 46A03–9805–CR–236.

Court of Appeals of Indiana.

April 27, 1999

Donald W. Pagos, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Jess Miller appeals the sentence imposed after he pled guilty to possession of cocaine, a Class A felony.[1] Miller raises three issues for our review, which we restate as two:

I.   Whether the trial court considered improper aggravating factors in sentencing Miller.

II.  Whether Miller's sentence was disproportionate to the offense committed.

We affirm in part, reverse in part and remand.

On January 1, 1997, Miller was arrested after police found marijuana and cocaine in his possession. At the time Miller was arrested, he was within 1,000 feet of a school. Miller was charged with dealing in cocaine, possession of cocaine, possession of marijuana, dealing in marijuana, possession of paraphernalia, and resisting law enforcement. While Miller was out on bond, he was arrested for drug-related offenses two more times.

Miller entered into a plea agreement where he pled guilty to possession of cocaine in exchange for the State dismissing the other charges, including the charges resulting from Miller's subsequent arrests. The

trial court sentenced Miller to thirty years, with five years suspended. Miller appeals.

## I.

### Improper Aggravators

Miller contends that the trial court erred by considering improper factors in determining his sentence. The court sentenced Miller to the presumptive 30–year sentence for a Class A felony. IND.CODE § 35–50–2–4 (1993). When a trial court imposes the presumptive sentence, it has no obligation to explain its reasons for doing so. *Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind.1996). However, in this case, the trial judge did list aggravating and mitigating circumstances in his sentencing order. Among other aggravating factors, the trial court cited Miller's subsequent arrests and the large quantity of cocaine in Miller's possession when he was arrested on January 1, 1997 and February 8, 1997, which led the trial judge to believe that Miller intended to deal the drugs. Miller argues that these were improper considerations, because the charges relating to the subsequent arrests were dropped in exchange for Miller's plea of guilty to the possession charge.[2]

The trial court did not err by considering the subsequent arrests as aggravating factors. Although an arrest record is not evidence of prior criminal history, "[t]his information is relevant to the court's assessment of the defendant's character and the risk that he will commit another crime and is therefore properly considered by a court in determining sentence." *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind.1991). Further, arrests that take place after the crime for which the sentence is being imposed are proper considerations in sentencing. *See Hoage v. State*, 479 N.E.2d 1362, 1366 (Ind. Ct.App.1985), *trans. denied.* Thus, even though the charges based on Miller's subsequent arrests were dropped due to the plea

1.  IND.CODE § 35–48–4–6 (Supp.1996).

2.  Even though the court imposed the presumptive sentence of 30 years, we must address whether the aggravating factors were properly considered because the trial court also found

mitigating factors. Therefore, if the aggravating factors enumerated by the trial court were improper, the mitigating factors might require that a lesser sentence be imposed.

bargain, the record of the arrests was properly considered by the trial court.

■ However, the trial court did err by using the facts surrounding a subsequent arrest as an aggravating factor. Specifically, the trial court noted the amount of cocaine and a cutting agent found in Miller's possession at the time of his February 8, 1997 arrest. Further, the trial judge stated in the sentencing order that the large quantity of cocaine in Miller's possession on January 1, 1997 and February 8, 1997 led the judge to believe that Miller intended to deal the drugs. This was an improper consideration, as the charges of dealing were dropped in exchange for Miller's plea of guilty on the possession charge. *See Conwell v. State,* 542 N.E.2d 1024, 1025 (Ind.Ct.App.1989) (holding that when a defendant pleads guilty to an included offense, the court cannot consider elements distinguishing it from the greater offense as aggravating factors). The facts involved in the subsequent arrest were not proven, nor did Miller admit to any of those facts. Therefore, the trial court erred by considering the facts surrounding the subsequent arrest as an aggravator. Moreover, we have no indication of the weight that the trial court afforded this improper aggravator. Thus, we must remand to the trial court so that the judge may reweigh the valid aggravators against the mitigating factors.

## II.

### Disproportionate Sentence

■ Miller contends that his thirty-year sentence is disproportionate to the nature of his offense, and therefore, violates Art. I, § 16 of the Indiana Constitution.[3] The nature and extent of penal sanctions are primarily legislative considerations and courts are not at liberty to set aside a legislatively-sanctioned penalty because it may seem too severe to the court. *Clark v. State,* 561 N.E.2d 759, 765 (Ind.1990). However, a sentence, even under a valid statute, may be unconstitutional by reason of its length, if it is so severe and entirely out of proportion to the gravity of the offense committed as to

shock public sentiment and violate the judgment of a reasonable people. *Pritscher v. State,* 675 N.E.2d 727, 731 (Ind.Ct.App.1996).

■ Here, Miller was given the presumptive 30–year sentence after he pled guilty to possessing cocaine within 1,000 feet of a school zone. He argues that his sentence is disproportionate because it is the same sentence available for those who deal drugs in a school zone. However, the offense of possessing cocaine within 1,000 feet of a school zone is a grave one, and we hold that the imposition of a thirty-year sentence is in proportion thereto. Although Miller was arrested on New Year's Day, when school was not in session, we are not prepared to make an exception to the rule that increases the penalty for drug offenses in school zones. Our supreme court has held that IC 35–48–4–6, as it relates to offenses in a school zone, is a strict liability statute. *Walker v. State,* 668 N.E.2d 243, 244–45 (Ind.1996), *reh. denied.* Therefore, we hold that the imposition of a thirty-year sentence for the offense of possession of cocaine within 1,000 feet of a school zone is not disproportionate.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and FRIEDLANDER, J., concur.

■

---

3. Although we are remanding this case for a new sentencing order, we will address this issue be-

cause it will be of guidance to the trial court on remand.