**Warlito G. MANN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 30A04–0009–CR–381.

Court of Appeals of Indiana.

Feb. 19, 2001.

**1026**

Randall V. Sorrell, Johnson & Sorrell, Fortville, IN, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Yvonne M. Carter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge.

Warlito G. Mann was sentenced to fifty years in the Indiana Department of Correction, with five years suspended, after pleading guilty to voluntary manslaughter. On appeal, he raises two issues, which we consolidate [1] and restate as whether the trial court improperly enhanced his sentence when it recognized a significant mitigating circumstance yet imposed the maximum sentence.

We remand.

### FACTS AND PROCEDURAL HISTORY

In 1999, Mann began dating Shelly Merriman, and the two lived together for a short time. Merriman decided to end the relationship. She and Mann argued at her place of employment, The Harem House, and Mann was banned from the premises.

Early on the morning of September 15, 1999, Mann followed Merriman to a service station to talk. Merriman told him the relationship was over. Mann leaned into Merriman's car and stabbed her numerous times. Mann saw a Greenfield police car and drove away at a high rate of speed without turning on his headlights. The police car began following Mann's vehicle to tell Mann his headlights were not on. Mann drove to his adoptive parent's house and stopped. The police officer noticed blood on Mann's clothing and questioned him. Mann told the officer what he had done. Merriman was already dead when assistance arrived.

Mann was charged with murder but entered into an agreement to plead guilty to voluntary manslaughter. The plea agreement provided that the court could impose a sentence of not less than thirty years nor

---

1. Because we remand for correction of Mann's sentence, we do not address his implicit premise that a sentence to which a defendant has agreed in a plea bargain can be "manifestly unreasonable." Mann entered into a plea agreement that provided the trial court could impose a sentence between thirty and fifty years. Mann's sentence of fifty years, although at the upper end of his agreement, was still within the agreement.

more than fifty years.[2] After a sentencing hearing, the trial court sentenced Mann to fifty years incarceration, with five years suspended.

## DISCUSSION AND DECISION

### 1. Sentence Enhancement

■ Mann contends the trial court utilized improper aggravators and failed to find obvious mitigators.[3]

■ Sentencing decisions are left to the trial court's discretion and will not be disturbed unless the sentence is manifestly unreasonable considering the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B); *Garrett v. State*, 714 N.E.2d 618, 623 (Ind.1999). When the trial court imposes an enhanced sentence, it must explain the basis for the enhancement. *Johnson v. State*, 699 N.E.2d 746, 751 (Ind.Ct.App.1998). The trial court must identify the aggravating and mitigating factors, explain why they are either aggravating or mitigating, and weigh the respective factors. *Charlton v. State*, 702 N.E.2d 1045, 1052 (Ind.1998).

One aggravator used by the trial court was the nature and circumstances of the crime committed. This is a valid aggravator pursuant to Indiana Code § 35–38–1–7.1(a)(2). However, Mann argues that because he pled guilty to voluntary manslaughter, an included offense of murder, the trial court improperly utilized as aggravating circumstances the elements that distinguish voluntary manslaughter from murder.

The trial court did not abuse its discretion in applying this aggravator. The distinguishing element between the crimes of murder and voluntary manslaughter is that voluntary manslaughter involves the killing of another human being while the killer is acting under "sudden heat." Ind. Code § 35–42–1–3. The trial court noted that Merriman was defenseless when Mann attacked her, that he placed her body back in her car to conceal the killing, and that he fled the scene without regard to her physical condition. These facts regarding the nature and circumstances of the crime have no bearing on the existence or absence of sudden heat.

■ One aggravating factor is sufficient to support an enhanced sentence. *Sherwood v. State*, 702 N.E.2d 694, 699 (Ind. 1998). As this nature and circumstances of the crime aggravator was valid, we need not address the other aggravators of which Mann complains.[4]

■ The trial court properly noted as a mitigator Mann's lack of criminal history, but Mann contends the trial court ignored two obvious mitigating circumstances: his plea of guilty and his prior troubled life.

■ The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *O'Neill v. State*, 719 N.E.2d 1243, 1244 (Ind.1999). Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable indication that it was overlooked. *Id.* A trial court

---

**2.** Voluntary manslaughter is a Class A felony if it is committed by means of a deadly weapon. Ind.Code § 35–42–1–3. Ind.Code § 35–50–2–4 provides that a person who commits a Class A felony "shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances[.]"

**3.** Mann also asserts, without explanation, that the trial court "failed to give a reasoned analysis for imposing its sentence on Mann." (Br. of Appellant at 10.) We disagree. The trial court's discussion of Mann's sentencing takes

over five pages in the record and explains in detail the basis for the sentence. The trial court sufficiently explained its basis for sentencing Mann.

**4.** Mann contends the trial court improperly used three other aggravators: 1) the person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility; 2) imposition of a reduced sentence would depreciate the seriousness of the crime; and 3) lack of remorse.

need not credit mitigating factors in the same manner the defendant would, nor is it required to explain why it found a particular circumstance insufficiently mitigating. *Id.*

 The trial court discussed Mann's childhood, indicating that the court considered that mitigator but rejected it. *See Miller v. State,* 709 N.E.2d 48, 49 (Ind.Ct. App.1999). Furthermore, Mann did agree to plead guilty; however, not every guilty plea must be credited as a mitigating circumstance. *See Trueblood v. State,* 715 N.E.2d 1242, 1257 (Ind.1999), *reh'g denied, cert. denied, Trueblood v. Indiana,* —— U.S. ——, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000). Mann offers no explanation why his guilty plea must be considered a mitigating circumstance. Accordingly, we cannot say the trial court abused its discretion when it found only a single mitigating circumstance.

Having acknowledged the significant mitigator of an absence of criminal history, the trial court purported to reduce Mann's sentence accordingly:

> Further ordered that five years of said sentence be suspended with the Defendant to be placed on probation for said period of time under the supervision of the Hancock County Probation Department and subject to the terms and conditions to be established by the Court which order is attached hereto and incorporated herein by reference. Due to the length of the confinement, order of the Court may hereafter alter, amend or modify the conditions imposed in said order.

(R. at 585.)

 Despite the suspension of five years of Mann's sentence, Mann received the maximum possible sentence of fifty years with no reduction for the significant mitigator the court recognized. The sentence imposed equals the maximum number of years imposed, even though some of that time is ordered suspended. *See, e.g., Thakkar v. State,* 644 N.E.2d 609, 612 (Ind.App.1994) ("[u]pon each class C felony count, Thakkar received enhanced sentences for eight years, the maximum term permitted by statute. That four years of each sentence was suspended does not change the fact that the sentences were enhanced to the maximum permitted by law.") (citation omitted).

Accordingly, we remand to the sentencing court with instructions to impose the forty-five year sentence it deemed appropriate after identifying and balancing the aggravating and mitigating circumstances. The sentencing court may then determine whether any portion of that sentence should be served with a lesser restriction of liberty than incarceration.

Remanded.

BAILEY, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent with the majority's imposition of the forty-five year sentence. We agree that the trial court properly noted as a mitigator Mann's lack of criminal history and that there exists at least one valid aggravator, the nature and circumstances of the crime. Our supreme court has stated that the maximum sentence by law should be reserved for the very worst offenses and offenders. *Bacher v. State,* 686 N.E.2d 791, 802 (Ind.1997). It has also acknowledged that a defendant's "lack of [a] delinquent or criminal record" should be accorded "substantial mitigating weight." *Loveless v. State,* 642 N.E.2d 974, 976 (Ind.1994). With the foregoing in mind, I do not believe that the trial court or the majority has given adequate weight to the mitigator in the balancing process in determining the appropriate sentence in this case.

The presumptive sentence for voluntary manslaughter as a Class A felony is thirty years imprisonment. IND.CODE § 35–50–2–4. The trial court, at its discretion, may add no more than twenty years for aggra-

vating circumstances and may subtract no more than ten years for mitigating circumstances. I.C. § 35–50–2–4. Thus, under normal circumstances, if the aggravator and mitigator were of equal weight, the trial court would likely be predisposed to impose the presumptive sentence. In this instance, however, the minimum sentence that the trial court could impose was thirty years as the plea agreement provided for a sentence of between thirty and fifty years. Nevertheless, given the existence of an aggravating factor and a significant mitigating factor, the scale should still tip towards the presumptive thirty-year sentence unless the trial court can articulate reasons why the weight of the aggravator requires a greater sentence. Thus, under the circumstances of this case, I would be inclined to impose a sentence of thirty-five years or less. Accordingly, I would remand to the trial court to impose the presumptive penalty or explain how the aggravating circumstance so outweighs the mitigating circumstance that a greater sentence is warranted, without including in its explanation factors that would be elements of the offense itself.