Joseph ASHER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 69A05–0210–CR–489.

Court of Appeals of Indiana.

June 25, 2003.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Joseph Asher appeals his conviction for Child Seduction,[1] a class D felony. Specifically, Asher argues that: 1) the trial court erred in admitting a number of photographs into evidence of the victim when she was a child;[2] 2) he was erroneously sentenced to a fully aggravated sentence of three years; and 3) improper conditions of probation were imposed. While no reversible error occurred in the admission of the photographs, the three-year sentence Asher received was inappropriate. We thus reduce the sentence to a term of one year and remand this cause to the trial court with instructions that it correct the sentence. In light of the sentence reduction, we need not determine whether Asher's conditions of probation were erroneous.

### FACTS

L.S. was born on February 8, 1978, and her mother married Asher in 1987.

At some point in September 2000, L.S. and sixty-two-year-old Asher allegedly had an altercation regarding the man that L.S. had been dating. Specifically, L.S. contended that Asher threatened to discontinue any further financial support if she continued to date the "bum." Tr. p. 197. Several days later, on September 7, 2000,

---

1. Ind.Code § 35–42–4–7.

2. The victim was twenty four years old at the time of trial. The State alleged that the child seduction offense was committed sometime between September, 1995 and January, 1996.

Thus, the victim was over the age of sixteen but less than eighteen years old when Asher committed the crime, thereby satisfying the age requirement of the child seduction offense statute.

L.S. reported to the police that Asher began sexually abusing her when she was ten years old and continued to do so until she was seventeen years old. L.S. participated in a recorded interview by police where she told them that Asher performed oral sex on her and fondled her breasts while masturbating himself or requiring L.S. to masturbate him. L.S. alleged that this became a weekly occurrence.

The State eventually charged Asher with class B felony Child Molesting, Child Seduction and class C felony Child Solicitation. During Asher's initial hearing, his defense counsel requested a bond reduction, claiming that Asher had no money. It was later revealed, however, that Asher had nearly $10,000 on his person at the time of his arrest. Additionally, on July 30, 2002, Asher was found in contempt of court for violating a "no contact" order regarding his former wife. Thus, Asher was ordered to serve six days in jail and was released one day before the trial on the instant offense began.

At the jury trial that commenced on August 6, 2002, L.S. testified that Asher subjected her to oral sex when she was ten, eleven, twelve and sixteen-years-old. During the testimony, the State—over Asher's objections—presented four photographs of L.S. that depicted her ages when Asher had molested her.

Following the conclusion of the trial on August 8, 2002, Asher was convicted of the child seduction charge but acquitted of the remaining counts. The trial court ultimately sentenced Asher to three years with six months suspended. It was determined that the circumstances of the crime, Asher's position of trust with L.S. and Asher's lack of respect for the law were aggravating factors. While Asher had no criminal history and the trial court did not find the existence of any mitigating factors, it was determined that the aggravating circumstances outweighed any mitigating factors. The trial court then imposed various terms of probation including that: (1) Asher not possess or view any pornographic or sexually explicit materials; (2) he not travel alone after 10:00 p.m.; (3) he inform the probation department of any dating, intimate and/or sexual relationship he may develop; (4) Asher is never to be alone with, or have contact with, persons under the age of eighteen; (5) he keep a daily journal; and (6) Asher is not to use any computer with access to the Internet. Asher now appeals.

### I. Admission of Photographs

Asher first argues that the trial court erroneously admitted several photographs into evidence that were offered by the State depicting the way L.S. appeared when she was ten, eleven, twelve and sixteen-years-old. Specifically, Asher contends that those photos were improperly admitted because they had no bearing on the critical issue before the jury—whether Asher had performed oral sex on L.S.

■ In addressing this issue, we note that this court reviews a challenge to the admission of photographic evidence for an abuse of discretion. *Humphrey v. State,* 680 N.E.2d 836, 842 (Ind.1997). An abuse of discretion occurs only when the evidentiary ruling is against the logic, facts and circumstances presented. *Laughner v. State,* 769 N.E.2d 1147, 1159 (Ind.Ct.App. 2002), *trans. denied.* To be admissible, our supreme court has determined that a photograph must throw or tend to throw light on the guilt or innocence of the accused even though that tendency may only be slight. *See Bieghler v. State,* 481 N.E.2d 78, 89 (Ind.1985). Additionally, before evidence may be considered "relevant," it must have a tendency to make the existence of a fact or consequence more or less probable. Ind. Evidence Rule 401.

■ In the instant case, it was established that L.S. was twenty-four years old when she testified at trial. Tr. p. 177. The State urges that the photographs depicting her as a child were relevant because it was "necessary to bridge the divide between the jury's perception of the victim's age at trial and the reality of her age at the time the events to which she testified had occurred." Appellee's Br. p. 4. We acknowledge that the State was attempting to convey to the jury that L.S. was of tender years when the molestations occurred; however, it is our view that the probative value of such evidence was minimal, in light of the additional testimony and evidence offered at trial. Nonetheless, Asher has failed to demonstrate that the photographs resulted in any prejudice to him. Therefore, we cannot say that the admission of the photographs amounted to reversible error.

## II. Sentence

Asher next claims that the three-year sentence the trial court imposed was inappropriate. Specifically, he contends that the trial court relied upon improper aggravating factors and failed to find the absence of any criminal history as a mitigating circumstance. Thus, Asher contends that the sentence may not stand.

■ In reviewing Asher's claim, we note that Ind. Appellate Rule 7(B) permits us to revise a sentence if that sentence "is inappropriate in light of the nature of the offense and the character of the offender." This change in the scope of review makes a thorough examination of the procedures we are to employ in reviewing and revising sentences. *Rodriguez v. State*, 785 N.E.2d 1169, 1174 (Ind.Ct.App.2003). When considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. *Id.* at 1179. That sentence is

meant to be the starting point for the trial court's consideration of the sentence that is appropriate for the crime committed. *Id.* The trial court may then consider deviation from the presumptive sentence based upon a balancing of the factors that must be considered in accordance with Indiana Code section 35-38-1-7.1(a), together with any discretionary aggravating and mitigating factors found to exist. *Id.*

■ In this case, Asher argues that the trial court improperly relied on the following factors to enhance his sentence: (1) the circumstances of the crime committed; (2) the fact that Asher was in a position of trust with L.S.; and (3) his disrespect for the law. Appellant's Br. p. 11–14. In examining these factors, we initially observe that while certain facts relating to the nature of the crime and the manner in which it was committed can be a proper aggravating circumstance, the details of the crime must illustrate that an enhanced sentence is deserved. *Wethington v. State*, 560 N.E.2d 496, 509 (Ind. 1990). Additionally, a fact that comprises a material element of an offense may not constitute an aggravating circumstance that would support an enhanced sentence. *Manns v. State*, 637 N.E.2d 842, 844 (Ind. Ct.App.1994).

Here, it is apparent to us that the trial court did not point to any circumstances at the sentencing hearing indicating that the charged offense was committed in a particularly egregious manner. Rather, the judge seemed to indicate that Asher deserved an enhanced sentence because of the position of trust that Asher occupied with L.S. as her stepfather. In accordance with I.C. § 35-42-4-7, in order to be convicted of child seduction, the defendant must be the guardian, adoptive parent, adoptive grandparent, custodian, or stepparent of the victim. The plain language of the statute indicates that this offense

only occurs between persons who are in a position of trust by virtue of a particular relationship with the victim. Because the legislature has already taken into account the fact that child seduction occurs between two people in a trusting relationship, it is not proper to aggravate Asher's sentence for this crime on the basis that he was in a position of trust with L.S.

The trial court also determined that Asher had no respect for the law and its processes because he misled "the court with respect to the amount of money he had with respect to bail, with respect to his actions while out on bail." Tr. p. 598. Here, Asher testified that he believed he had less money on his person than was actually documented by the intake officer at the jail. Tr. p. 502. In our view, such circumstances only demonstrate that Asher may have been mistaken as to the amount of money he had in his pocket. Put another way, the State has not made any showing that Asher was attempting to mislead the court or law enforcement personnel about his financial resources. Thus, we cannot agree with the trial court's determination that this conduct amounted to an aggravating factor.

We must also disagree with the trial court's determination that Asher's actions in meeting with Dorothy, his former wife, in violation of a "no contact" order was an aggravating factor in these circumstances. It was demonstrated that Asher's counsel specifically advised his client to contact Dorothy so the parties could execute a quitclaim deed in accordance with their dissolution settlement. Tr. p. 91. Dorothy advised the trial judge that she was not afraid of Asher when they conferred and he did not attempt to discuss the criminal case with her. Tr. p. 82, 86. Nonetheless, Asher was ordered to serve six days in jail for contempt, and he was released only the day before the trial commenced. Even though the trial court may have appropriately sentenced Asher for this offense for "willful disobedience," of the court order, the undisputed evidence shows that Asher simply accomplished what his legal counsel had instructed him to do. Under these circumstances, we cannot agree that such a transgression amounted to an aggravating circumstance so as to warrant an enhanced sentence.

We also note that the trial court did not find the existence of any mitigating circumstances in this instance. Failing to find mitigating factors when they are clearly supported by the record may imply that they were overlooked and not properly considered. *Nordstrom v. State*, 627 N.E.2d 1380, 1385 (Ind.Ct.App.1994), *trans. denied.* Moreover, a trial court will be found to have abused its discretion in ignoring mitigating circumstances that are both significant and clearly supported by the record. *See Warlick v. State*, 722 N.E.2d 809, 812–13 (Ind.2000).

Here, the trial court did not consider Asher's lack of criminal history as a mitigating factor. It is further apparent that the trial court was relying upon the crimes for which Asher was acquitted when refusing to find his lack of a criminal record as a mitigating circumstance. Even though the State accused Asher of molesting L.S. over a substantial period of time, the jury determined that he had not perpetrated such criminal acts. Thus, the trial court should not have relied upon the other allegations in determining that Asher had failed to lead a law-abiding life, and the trial court's decision not to find the absence of a criminal history as a mitigating circumstance was improper.

That being said, inasmuch as Asher was found guilty of child seduction as a class D felony, we note that the presumptive sentence for this offense is 1.5 years, with not more than 1.5 years added for aggravating

**572**

circumstances, and not more than one year subtracted for mitigating circumstances. *See* Ind.Code § 35–50–2–7. In light of our discussion above, it is apparent that the trial court erroneously found the existence of certain aggravating factors in deciding that Asher's sentence should be enhanced. Additionally, because the lack of criminal history was overlooked as a mitigating circumstance, we must conclude that the trial court did not and could not appropriately weigh the aggravating and mitigating circumstances to determine that the aggravators outweighed the mitigators so as to warrant the maximum sentence. Moreover, we find that Asher's character does not merit the imposition of the maximum sentence for this offense. Our supreme court has determined that "the maximum possible sentences are generally most appropriate for the worst offenders." *Buchanan v. State,* 767 N.E.2d 967, 973 (Ind. 2002). Here, Asher was not "the very worst offender" because of his lack of criminal history.

Our General Assembly has determined that a defendant's prior or lack of criminal history is so significant that trial courts "shall" consider it when determining what sentence to impose. *Rodriguez,* 785 N.E.2d at 1180; I.C. § 35–38–1–7.1(a). This statute appropriately encourages leniency towards defendants who have not previously been through the criminal justice system. *Biehl v. State,* 738 N.E.2d 337, 339 (Ind.Ct.App.2000), *trans. denied.* As a result, in considering the inappropriately determined aggravating circumstances and the overlooked mitigating circumstance here, we reduce Asher's sentence to a period of one year. Inasmuch as the sentence is reduced to such an extent, we need not go on to address Asher's final argument that the conditions of his probation are vague and unreasonable.

## CONCLUSION

In light of our discussion of the issues set forth above, we conclude that the trial court did not commit reversible error in permitting the State to introduce photographs of L.S. when she was at the age that the molestations occurred. We also note that Asher was inappropriately sentenced to a three-year term of imprisonment and we therefore reduce the sentence to a term of one year.

Affirmed and remanded to the trial court for correction of sentence.

SULLIVAN, J. and DARDEN, J., concur.