Christopher GIST, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 72A01–0308–CR–286.

Court of Appeals of Indiana.

March 19, 2004.

Jason M. Mount, Mount Law Office, P.C., Scottsburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Christopher Gist appeals his sentence for conspiracy to commit robbery as a Class B felony. Specifically, he argues that the trial court failed to find several mitigators and that his ten-year presumptive sentence is inappropriate. In light of the State's concession at sentencing that two mitigators are present, it is unclear whether the trial court found no aggravators or mitigators or whether the trial court found aggravators and mitigators but concluded that they balanced. We therefore remand this case to the trial court for a more definite sentencing statement. Furthermore, because Gist was sentenced in accordance with the plea agreement, we conclude that his sentence is not inappropriate.

### Facts and Procedural History

In September 2002, Gist worked at Casey's General Store in Scott County. On September 26, Gist and Derrick Coats agreed to rob that store in order to purchase cocaine. Gist obtained a shotgun and dropped off Coats in the vicinity of the store. Coats then entered the store armed with the gun and demanded money from store employees Vickie Lainhart and Veronica Kelley, both of whom had worked with Gist. After the robbery, Gist and Coats split the money.

Coats soon became a suspect in the robbery. Coats eventually turned himself in to the police and gave a statement that he and Gist robbed the store. Gist then turned himself in to the police as well.

In October 2002, the State charged Gist with conspiracy to commit robbery as a Class B felony and robbery as a Class B felony. In June 2003, Gist pled guilty to conspiracy to commit robbery as a Class B felony. Under the plea agreement, the State agreed to limit its sentencing recommendation to the trial court to the presumptive term of ten years. Following a sentencing hearing, the trial court sentenced Gist to ten years. The trial court did not identify any aggravators or mitigators but merely stated that it sentenced Gist to ten years. This appeal ensued.

### Discussion and Decision

Gist raises two issues on appeal. First, he contends that the trial court failed to find numerous mitigating factors. Second, he contends that his sentence is inappropriate. We address each issue in turn.

### I. Mitigators

■ Gist contends that the trial court failed to find numerous mitigators when sentencing him to the presumptive term of ten years. It is well established that sentencing decisions lie within the discretion of the trial court. *Jackson v. State*, 728 N.E.2d 147, 154 (Ind.2000). Sentencing decisions are given great deference on appeal and will only be reversed for an abuse of discretion. *Beck v. State*, 790 N.E.2d 520, 522 (Ind.Ct.App.2003).

■ If the trial court finds aggravating or mitigating circumstances, then the court must make a statement of its reasons for selecting the sentence imposed. Ind. Code § 35–38–1–3; *Jackson*, 728 N.E.2d at 154. However, the trial court does not have to set forth its reasons for imposing the presumptive sentence. *Pope v. State*, 740 N.E.2d 1247, 1253 (Ind.Ct.App.2000);

*see also Jones v. State,* 698 N.E.2d 289, 290 (Ind.1998) ("[A] sentencing judge must articulate her reasoning only when she deviates from the statutory presumptive sentence."); *Finch v. State,* 510 N.E.2d 673, 676 (Ind.1987) ("The sentencing judge need not articulate his reasons for not aggravating or mitigating the sentence when giving a presumptive sentence."). Thus, if the trial court does not find any aggravators or mitigators and imposes the presumptive sentence, then the trial court does not need to set forth its reasons for imposing the presumptive sentence. However, if the trial court finds aggravators and mitigators, concludes that they balance, and imposes the presumptive sentence, then, pursuant to Indiana Code § 35–38–1–3, the court must provide a statement of its reasons for imposing the presumptive sentence.

Here, the trial court did not set forth its reasons for imposing the presumptive sentence. Generally, we would presume that the trial court did not find any aggravators or mitigators. However, the State conceded at sentencing that two mitigators were present—Gist's offer to pay restitution to the victims and his remorse.[1] Tr. p. 62. In light of this concession, it is unclear whether the trial court did not find any aggravators or mitigators or whether the trial court found aggravators and mitigators but concluded that they balanced. If the former, then no statement was required. But if the latter, then the trial court was required to make a statement for selecting the sentence imposed. We therefore remand this case to the trial court for a more definite sentencing statement in light of the State's concession.

## II. Inappropriate Sentence

■ Gist next argues that his ten-year presumptive sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[W]e exercise with great restraint our responsibility to review and revise sentences, recognizing the special expertise of the trial bench in making sentencing decisions." *Foster v. State,* 795 N.E.2d 1078, 1092 (Ind.Ct.App.2003), *reh'g denied, trans. pending.*

■ Here, Gist pled guilty to conspiracy to commit robbery as a Class B felony. A plea agreement is contractual in nature and binds the defendant, the State, and the trial court. *Hull v. State,* 799 N.E.2d 1178, 1182 (Ind.Ct.App.2003). The trial court is given the discretion to accept or reject a plea agreement, and, if the trial court accepts the agreement, it is strictly bound by its terms. *Id.; see also* Ind. Code § 35–35–3–3(e).

The plea agreement in this case provided:

> The State of Indiana agrees to limit any recommendation to the Court for the executed portion of any sentence to a term not to exceed the presumptive sentence for a Class B Felony (10 years) and the State of Indiana further acknowledges that this representation is an inducement to the Defendant for the entry of this plea.

Tr. p. 48. By entering into this agreement with the State, Gist necessarily agreed that a ten-year sentence was appropriate.

---

1. Gist also argues on appeal that the trial court failed to find the following mitigators: (1) Gist did not have a significant criminal history; (2) Gist is likely to respond to probation or short-term imprisonment; (3) Gist is unlikely to commit another crime; and (4) Gist turned himself in to the police and pled guilty.

If Gist thought that a ten-year sentence was inappropriate, then presumably he would have not entered into the plea agreement in the first place and would have taken his chances at trial without the benefit of a plea agreement. Where, as here, a defendant is sentenced in accordance with a plea agreement—an agreement he voluntarily entered into, we cannot say that the sentence is inappropriate. This holding is consistent with *Mann v. State*, where we said that a sentence that fell within the sentencing range provided for in the plea agreement was not manifestly unreasonable even though the defendant was sentenced at the upper end of that range. 742 N.E.2d 1025, 1026 n. 1 (Ind.Ct.App.2001), *trans. denied.* Gist's sentence is not inappropriate.

Affirmed in part and remanded in part.

SHARPNACK, J., and MATHIAS, J., concur.