**Kenton R. BENNETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A04–0401–CR–55.

Court of Appeals of Indiana.

July 19, 2004.

Publication Ordered Aug. 6, 2004.

Joseph P. Hunter, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Kenton R. Bennett appeals his conviction for Operating While

Intoxicated,[1] a class D felony, and Driving While Suspended,[2] a class A misdemeanor. Specifically, Bennett argues that his sentence was manifestly unreasonable.[3] Finding no error, we affirm.

### FACTS

On November 3, 2003, Bennett consumed alcohol and then drove his car through Muncie. Prior to operating the vehicle, Bennett was aware that his driver's license was suspended. A police officer observed Bennett weaving back and forth and failing to dim his headlights, and therefore pulled him over. Bennett failed the field sobriety tests, so he was given the opportunity to take a portable breath test. The breath test revealed that Bennett's blood alcohol content (BAC) was .20 gram of alcohol per 210 liters of breath.

The State charged Bennett with operating a vehicle with a BAC of .15 or more, operating while intoxicated and driving while suspended. At the time, Bennett had other charges pending for operating while intoxicated and driving while suspended. And prior to the resolution of this case, Bennett was charged yet again with another instance of operating while intoxicated and driving while suspended. In May 2003, Bennett attempted to resolve this case by entering into a plea agreement in which he agreed to plead guilty to the charges at issue here in exchange for the dismissal of the charges in the first case and an eighteen month suspended sentence. The trial court rejected the plea because the sentence was not severe enough in light of Bennett's extensive criminal record.

In October 2003, Bennett entered into a plea agreement that the trial court accepted. Pursuant to the agreement, Bennett pleaded guilty to operating while intoxicated and driving while suspended, and the State dismissed the charges that arose out of Bennett's other two arrests for operating while intoxicated. The plea agreement provided that sentencing was to be left to the discretion of the trial court.

The trial court found Bennett's prior criminal history as an aggravating circumstance. Bennett had three prior felony convictions, including robbery and larceny, and thirteen prior misdemeanor convictions, including convictions for breaking and entering, public intoxication, resisting law enforcement, battery, and operating while intoxicated. The trial court found as a mitigating circumstance that Bennett had started attending a substance abuse program, but did not give much weight to that factor because he did not seek out this treatment until shortly before his plea was entered, nearly ten months after he was charged in this case. Bennett admitted to consuming alcohol on one occasion even after entering the program. The trial court imposed a three-year sentence for the operating while intoxicated conviction and a concurrent one-year sentence for the driving while suspended conviction, and Bennett now appeals.

### DISCUSSION AND DECISION

Bennett contends that the trial court improperly sentenced him. Specifically, he argues that his sentence is inappropri-

---

1.  Ind.Code § 9–30–5–3.

2.  I.C. § 9–24–19–2.

3.  Although Bennett argues that his sentence was "manifestly unreasonable," we note that this is no longer the standard. Appellate Rule

7(B) states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

ate and that the trial court failed to consider several mitigating circumstances.

We note that sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Buchanan v. State,* 767 N.E.2d 967, 970 (Ind.2002). An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the trial court. *State v. Lloyd,* 800 N.E.2d 196, 198 (Ind.Ct.App.2003). We will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. *Boner v. State,* 796 N.E.2d 1249, 1254 (Ind. Ct.App.2003).

In order for a trial court to impose an enhanced sentence, it must (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found those to be aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. *Veal v. State,* 784 N.E.2d 490, 494 (Ind.2003). A sentence may be enhanced by a single aggravating circumstance. *Haddock v. State,* 800 N.E.2d 242, 245 (Ind.Ct.App.2003). Moreover, a trial court is not obligated to weigh a mitigating factor the same as the defendant requests. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). Prior criminal history is a valid aggravating factor. Ind.Code § 35–38–1–7.1.

Bennett avers that the trial court failed to consider as mitigating circumstances that Bennett pleaded guilty, that he acted under a strong provocation, and that imprisonment would impose an undue hardship on him and his dependents. While we appreciate the creativity of Bennett's argument that he acted under a strong provocation because his alcoholism caused him to become intoxicated and get behind the wheel of a car, he did not raise any of these three circumstances as proposed mitigators before the trial court. Thus, he is precluded from advancing them for the first time on appeal. *Simms v. State,* 791 N.E.2d 225, 233 (Ind.Ct.App. 2003).

Our inquiry does not end here inasmuch as Bennett also contends that the length of his sentence was inappropriate. We note that when a defendant is sentenced in accordance with a plea agreement, he has implicitly agreed that his sentence is appropriate. *Gist v. State,* 804 N.E.2d 1204, 1207 (Ind.Ct.App.2004); *Mann v. State,* 742 N.E.2d 1025, 1026 n. 1 (Ind.Ct.App.2001), *trans. denied.* Moreover, when no term is specified in the plea bargain recommendation, sentencing falls within the ambit of the trial court's discretion upon acceptance of the agreement. *State ex rel. Goldsmith v. Marion County Superior Court, Criminal Division No. 1,* 275 Ind. 545, 419 N.E.2d 109, 114 (1981).

Although Bennett was given the maximum sentence for each count, this was still within the purview of the plea agreement, and he may not now complain. Furthermore, Bennett's sentence is appropriate in this case. He had numerous prior convictions, his BAC was two and one-half times the legal limit when he was arrested, he knew that his license had been suspended yet continued to drive, and he continued to use alcohol after his arrest. Given these circumstances, Bennett's sentence was appropriate.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

*ORDER*

On July 19, 2004, the Court handed down its opinion in this appeal marked Memorandum Decisions, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision. The Appellee states that this Court's decision clarifies existing law and meets the criteria for publication as set out in Appellate rule 65(A).

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on July 19, 2004, marked Memorandum Decisions, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.