**Eli D. MAST, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0409–CR–395.**

Court of Appeals of Indiana.

March 28, 2005.

Anthony S. Churchward, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Eli Mast ("Mast") pled guilty to Class C felony burglary and admitted to being an habitual offender in Allen Superior Court. Mast appeals, raising the following restated issue for review: Whether Mast's sentence was inappropriate. Concluding Mast's sentence was appropriate, we affirm.

### Facts and Procedural History

On March 15, 2004, Mast was arrested for forcing entry into a building and stealing various items therein. On March 19, 2004, Mast was charged by information with Class C felony burglary. On April 7, 2004, the State amended its charging information to include an habitual offender allegation.

On June 22, 2004, the day of Mast's trial, Mast pled guilty to Class C felony burglary and admitted to being an habitual offender. A sentencing hearing was conducted on July 29, 2004. The trial court found as aggravating factors that (1) Mast has a criminal history of four felonies and four misdemeanors; (2) prior efforts at Mast's rehabilitation have failed; and (3) Mast was on parole when he committed his offense. The trial court found that the circumstances that Mast pled guilty, expressed remorse, and is a substance abuser were mitigating factors.

The trial court concluded that Mast's aggravating factors outweighed his mitigating factors and sentenced him to six years for his Class C felony burglary conviction and added ten years for his habitual offender determination, resulting in an aggregate sentence of sixteen years. Mast now appeals.

### Discussion and Decision

Mast claims his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B). Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the

offense and character of the offender. Ind. Appellate Rule 7(B); *see also Asher v. State,* 790 N.E.2d 567, 570 (Ind.Ct.App. 2003).

The State asserts a defendant may not challenge the appropriateness of his sentence if he pleads guilty because his plea is implicit consent to the appropriateness of his sentence. Br. of Appellee at 3 (citing *Bennett v. State,* 813 N.E.2d 335, 338 (Ind. Ct.App.2004)).

In fairness to the State, *Bennett* does state, "when a defendant is sentenced in accordance with a plea agreement, he has implicitly agreed that his sentence is appropriate." 813 N.E.2d at 338. Furthermore, the facts of *Bennett* indicate that Bennett's sentence, like Mast's sentence was entirely left to the trial court's discretion. *Id.* at 337.

We disagree with the broad inference of the language quoted above. *Bennett's* cited authority, *Gist v. State,* 804 N.E.2d 1204, 1207 (Ind.Ct.App.2004), and *Mann v. State,* 742 N.E.2d 1025, 1026 n. 1 (Ind.Ct. App.2001), *trans. denied,* do not support *Bennett's* conclusion. In *Gist,* the plea at issue explicitly capped Gist's sentence at ten years. 742 N.E.2d at 1026. In *Mann,* the plea at issue explicitly provided for a sentence ranging between thirty and fifty years. 742 N.E.2d at 1026 n. 1.

When a plea explicitly permits the trial court to sentence the defendant within a given range or caps a sentence, *Gist* and *Mann's* implicit waiver provision is entirely logical. However, when the defendant's plea is open, there is no relevant distinction between a review of a sentence resulting from such a guilty plea and a sentence resulting from a conviction. There is nothing in Mast's plea agreement that in-dicates he consented to an inappropriate sentence, and Mast did not otherwise waive his right to challenge his allegedly inappropriate sentencing by pleading guilty. *See* Appellant's App. p. 37.

 Nonetheless, Mast's sentence was appropriate. Mast was convicted of a Class C felony, and the maximum sentence he could have received was eight years rather than his six-year sentence. *See* Ind.Code § 35–50–2–6 (2004). A single aggravating circumstance is sufficient to justify an enhanced sentence. *Powell v. State,* 769 N.E.2d 1128, 1135 (Ind.2002). Mast's eight prior convictions speak to the nature of Mast's character, outweigh his mitigating factors,[1] and justify his cumulative sixteen-year sentence.

### Conclusion

Mast's sentence is appropriate.

Affirmed.

SULLIVAN, J., concurs.

BAILEY, J., concurs in result with opinion.

BAILEY, Judge, concurring in result.

I agree that Mast's aggregate sentence of sixteen years is appropriate. However, I disagree with the majority's criticism of the breadth of the language of *Bennett v. State,* 813 N.E.2d 335 (Ind.Ct.App.2004). When a defendant accepts an indeterminate sentence, that is, with no set number of years, but is advised of the minimum sentence possible and the maximum sentence possible, the defendant implicitly agrees that his sentence within that range

---

1. Furthermore, Mast's mitigating factor of having pled guilty is not entitled to a great deal of weight. Mast did not agree to his plea until the day of trial, which strongly suggests his plea was a tactical decision rather than a genuine acceptance of responsibility.

is appropriate. Therefore, I concur in result.