**Kha Duy NGUYEN, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A04–0504–CR–236.**

Court of Appeals of Indiana.

Nov. 10, 2005.

---

Zachary A. Witte, Fort Wayne, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Kha Duy Nguyen appeals the length of the executed portion of his fifty-two year sentence for murder. Nguyen raises two issues for review, which we restate as:

1. Whether the trial court properly considered aggravating and mitigating circumstances when it determined how much of Nguyen's sentence would be executed; and

2. Whether the length of his executed sentence is appropriate in light of Nguyen's character and his offense.

We affirm.

## FACTS AND PROCEDURAL HISTORY [1]

On December 14, 1991, Nguyen, Ko Jin Soh and Ben Blauvelt carried out a plan to kill Maurice Sin Ming Lam and dump his body, weighted by cinder blocks, in a river. They then used Lam's keys to steal items from his apartment, made purchases using Lam's credit cards, and wrote checks on Lam's account. Soh was arrested while attempting to cash one of Lam's checks at a bank. Nguyen, who had been waiting in the car for Soh, fled the state. He was apprehended a few months later in Jackson, Tennessee. Blauvelt remains at-large.

On March 22, 1992, the State charged Nguyen with one count of murder,[2] one count of felony murder,[3] seven counts of theft as Class D felonies,[4] two counts of attempted theft as Class D felonies,[5] and one count of burglary as a Class B felony[6] for his participation in those events. Nguyen initially entered into a plea agreement covering all counts but withdrew that plea.

On March 19, 1993, he entered into a second plea agreement.

Pursuant to the second agreement, the murder and felony murder charges would merge and a sentence of fifty-two years would be imposed for the merged count. Concurrent sentences totaling eighteen years for the remaining counts would be imposed but suspended.[7] Nguyen agreed to testify truthfully regarding Lam's death and subsequent events in any proceedings against Soh and Blauvelt. The court had discretion to determine how much of the agreed-upon fifty-two year sentence for murder would be executed, but the agreement called for a minimum executed sentence of forty years. Both Nguyen and the State were explicitly afforded the opportunity to present argument and evidence on the length of the executed portion of the sentence.

On May 14, 1993, the trial court accepted the plea agreement and heard evidence to determine the executed portion of Nguyen's fifty-two year sentence for murder. The court found two aggravating factors and no mitigating factors, explicitly rejecting one mitigator offered by Nguyen, but nonetheless suspended two years of Nguyen's murder sentence for a total executed sentence of fifty years.[8]

---

1. All of the text in Appellant's Brief was in italics. While Ind. Appellate Rule 43 does not prohibit the use of italics for all text in a brief or petition, we request counsel refrain from submitting such briefs in the future. *See, e.g.,* *Wright v. Elston,* 701 N.E.2d 1227, 1231 (Ind. Ct.App.1998) ("We further remind the Wrights that well-reasoned arguments making proper reference to the record and supported with citations to legal authority are far more persuasive to this court than ... excessive use of bold-face type.")

2. Ind.Code § 35–42–1–1(1).

3. Ind.Code § 35–42–1–1(2).

4. Ind.Code § 35–43–4–2.

5. Ind.Code § 35–43–4–2, 35–41–5–1.

6. Ind.Code § 35–43–2–1.

7. Each of the nine Class D felonies garnered Nguyen two years, served consecutive to both the murder count and the other D felonies. The court sentenced Nguyen to eighteen years for the burglary charge, which was to be served consecutive to the murder count and concurrent with the theft counts. All sentences, except the murder sentence, were suspended pursuant to the plea agreement.

8. Nguyen's sentence for all charges was seventy years, with twenty years suspended. The court suspended eighteen years for burglary and theft, and two for murder. In addition,

In February 2005, Nguyen was granted permission to file this belated appeal.

## DISCUSSION AND DECISION

When is a sentence a sentence? That is the question Nguyen ultimately asks this court to decide in two separate but related contexts, by challenging only the executed portion of his sentence. Nguyen argues 1) the trial court improperly considered aggravating and mitigating circumstances when it determined how much of his sentence was to be executed and 2) his executed sentence [9] is inappropriate in light of his character and the nature of his offense.

### A. Aggravating and Mitigating Factors

As noted above, Nguyen does not challenge his fifty-two year sentence for murder. Rather, he contends the trial court improperly considered mitigating and aggravating circumstances when it imposed an executed sentence of fifty years, which is ten years above the forty-year presumptive sentence established by stat-

ute.[10] The State responds the trial court correctly found one valid [11] aggravator and no mitigators. As only one aggravator is needed to support an enhanced sentence, *Bennett v. State*, 813 N.E.2d 335, 338 (Ind. Ct.App.2004), the State contends the trial court's findings are sufficient to support an "enhanced" sentence.

Both Nguyen and the State incorrectly characterize the trial court's determination of the portion of the sentence to be executed as an "enhancement" of the imposed sentence.[12] It is not. Nguyen *agreed* to a sentence greater than the presumptive when he entered into a plea agreement that fixed his imposed sentence at fifty-two years. The trial court determined how much of that sentence should be executed and how much should be suspended, again pursuant to the terms of the plea agreement, but did not "enhance" Nguyen's sentence. Indeed, once the fifty-two year sentence was imposed, Nguyen was obligated to serve the entire sentence, unless the court suspended some portion of it.

---

the court imposed seven years of probation— five for burglary and theft, and two for murder.

9. Because Nguyen challenges only the trial court's decisions regarding the "executed" portion of his sentence, the terms "imposed sentence" and "executed sentence" will be used to differentiate, as necessary, the sentence Nguyen received and the part of that sentence Nguyen was ordered to serve in a correctional facility. This is *not* meant to suggest that the suspended portion of a sentence is not part of an imposed sentence. *See Beck v. State*, 790 N.E.2d 520, 523 (Ind.Ct. App.2003) (Mattingly–May, J., concurring in result). *See also Mask v. State*, 829 N.E.2d 932, 932 (Ind.2005).

10. The statute in effect at the time provided that the sentence for murder was forty years, with not more than twenty years added for aggravating circumstances and not more than ten years subtracted for mitigating circumstances. Ind.Code § 35–50–2–3 (1993).

11. Nguyen argues, and the State acknowledges, that the second aggravator was improperly applied. "This factor [depreciation of the seriousness of the crime] may be considered only to support the refusal to impose a sentence less than the presumptive." *Pickens v. State*, 767 N.E.2d 530, 533 (Ind.2002). Here, the terms of the plea agreement barred the trial court from imposing less executed time than the presumptive forty-year sentence, making this factor inapplicable.

12. For example, Nguyen argues the trial court "should not have used his criminal history of theft to *enhance* his sentence for murder." (Br. of Appellant at 14) (emphasis supplied). The State argues the trial court did not abuse its discretion "in *enhancing* Nguyen's sentence ten years beyond the presumptive forty." (Br. of Appellee at 6) (emphasis supplied).

*See Childers v. State,* 656 N.E.2d 514, 516 (Ind.Ct.App.1995) ("There is no constitutional right to probation or suspended sentences for convicted criminals, and there is no absolute right to these benefits for anyone under our statute, since their granting or denial rests within the judge's discretion.") (internal citations and marks omitted), *trans. denied* 668 N.E.2d 1216 (Ind. 1996).

Although it is not clear whether the trial court started, analytically, from the agreed-upon sentence of fifty-two years or the statutory presumptive of forty years in determining how much of Nguyen's sentence to suspend, we cannot say the trial court abused its discretion when it imposed a fifty-year executed sentence. The court may, within certain parameters,[13] "suspend any part of a sentence for a felony." Ind.Code § 35–50–2–2(a).

 Sentencing decisions are within the trial court's discretion and will be reversed only for an abuse of discretion. *Matshazi v. State,* 804 N.E.2d 1232, 1237 (Ind.Ct.App.2004), *trans. denied* 812 N.E.2d 802 (Ind.2004). The trial court must determine which aggravating and mitigating circumstances to consider when increasing or reducing a sentence and is responsible for determining the weight to accord these circumstances. *Id.* at 1238. However, the trial court is not obligated to state its reasons for imposing sentence pursuant to a plea agreement. *Allen v. State,* 722 N.E.2d 1246, 1254 (Ind.Ct.App. 2000); *see also Silvers v. State,* 499 N.E.2d 249, 253 (Ind.1986) (explaining "the threat of improper influence is forestalled" in such a sentencing because the court is bound by the provisions of the plea agreement). But when the trial court decides to adjust an imposed sentence by suspending a portion of it, "the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances." *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996). This the trial court did.

In determining Nguyen's executed sentence, the trial court discussed a number of neutral factors. (Sent. Tr. at 72–73.) It considered and rejected one mitigating factor Nguyen offered, Nguyen's cooperation and guilty plea, deeming Nguyen's cooperation "a matter of convenience of the moment." (*Id.* at 73–74.) The court found one valid aggravator, Nguyen's criminal history, consisting of a misdemeanor theft charge that "bears some striking resemblances to the case at bar in terms of the checks and motives involved." (*Id.* at 74–75.) As a result, we cannot say the trial court abused its discretion in suspending two years of Nguyen's fifty-two year sentence for murder.

### B. *Appropriateness of the Sentence*

Nguyen challenges the appropriateness of his executed sentence under Ind. Appellate Rule 7(B), arguing the "aggravating circumstances cited by the trial court do not justify an executed sentence in excess of the presumptive sentence." (Br. of Appellant at 16.) This Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. App. R. 7(B).

 With respect to a Rule 7(B) review, there is "no relevant distinction" between a sentence resulting from an

---

13. With respect to murder, the court may suspend only that portion of the sentence in excess of the statutory minimum. Ind.Code § 35–50–2–2(b)(4)(A). Subsection (e) provides an offender shall be placed on probation for not more than ten years if the offender's sentence is suspended. Ind.Code § 35–50–2–2(e).

"open" [14] guilty plea and a sentence resulting from a conviction after a trial. *Mast v. State,* 824 N.E.2d 429, 431 (Ind.Ct.App. 2005). However, when a defendant is sentenced in accordance with a plea agreement that "explicitly permits the trial court to sentence the defendant within a given range or caps a sentence," the defendant has implicitly agreed that his sentence is appropriate. *Id. See also Reyes,* 828 N.E.2d at 426; *Bennett,* 813 N.E.2d at 338.

The plea agreement explicitly fixed Nguyen's imposed sentence at fifty-two years. (Appellant's App. at 221.) The plea agreement also explicitly established Nguyen's executed sentence might range from a minimum of forty years to a maximum of fifty-two years. (*Id.*) With respect to neither the imposed nor the executed sentence, then, can Nguyen's plea agreement be considered "open." The waiver rule articulated in *Mast* and *Bennett* thus applies.

█ The plea agreement called for an imposed sentence of fifty-two years and an executed sentence between forty and fifty-two years; the court sentenced Nguyen to fifty-two years with fifty years executed. Because he entered into a plea agreement that was not open and he was sentenced in accordance with that plea agreement, Nguyen has waived Rule 7(B) review of both his "imposed" sentence and his "executed" sentence. *See Reyes,* 828 N.E.2d at 426 ("We believe when a defendant's plea provides for a specific sentencing range, implicit in the defendant's agreement is his concession that a sentence within that range is appropriate."); *Eaton v. State,* 825 N.E.2d 1287, 1289 (Ind.Ct. App.2005) ("We agree that if the question here were the appropriateness of the sentence under Appellate Rule 7(B), then Eaton waived his right to argue that his sentence was inappropriate by accepting a plea agreement in which he agreed to a sentencing range less than the range authorized by statute."); *Mast,* 824 N.E.2d at 431 ("When a plea explicitly permits the trial court to sentence the defendant within a given range or caps a sentence, *Gist* and *Mann* [*v. State,* 742 N.E.2d 1025 (2001) ]'s implicit waiver provision is entirely logical.") (citations omitted); *Wilkie v. State,* 813 N.E.2d 794, 804 (Ind.Ct.App. 2004) ("[I]f a defendant signs a plea agreement in which he agrees to a specific term of years, or to a sentencing range other than the range authorized by statute, he will not be able to claim thereafter that a sentence imposed consistent with the agreement is inappropriate.") *trans. denied* 822 N.E.2d 981 (Ind.2004); *Bennett,* 813 N.E.2d at 338 ("We note that when a defendant is sentenced in accordance with a plea agreement, he has implicitly agreed that his sentence is appropriate."); *Gist v. State,* 804 N.E.2d 1204, 1207 (Ind.Ct.App. 2004) ("By entering into this agreement with the State, Gist necessarily agreed that a ten-year sentence was appropriate.... Where, as here, a defendant is sentenced in accordance with a plea agreement—an agreement he voluntarily entered into, we cannot say that the sentence is inappropriate.").

Affirmed.

---

**14.** An "open" plea is one in which the sentence to be imposed is left to the discretion of the court, bounded only by the statutory maximums and minimums. A "range" plea establishes a range of possible sentences somewhat narrower than that allowed by statute; this would include a plea in which the sentence is capped. A "fixed" plea specifies the exact number of years to be imposed. *See Mast v. State,* 824 N.E.2d 429, 431 (Ind.Ct.App.2005) (describing open, range and capped pleas); *Wilkie v. State,* 813 N.E.2d 794, 803 (Ind.Ct. App.2004) (describing fixed and range pleas).

KIRSCH, C.J., concurs.

ROBB, J., concurs in result with separate opinion.

ROBB, Judge, concurring in result.

Where a plea agreement provides for a sentence within a certain range or under a certain cap, I do not believe that the defendant necessarily agrees that any sentence within that range or any sentence up to and including the cap is appropriate. *See Wilkie*, 813 N.E.2d 794 at 803. Rather, I believe that in most circumstances the defendant is agreeing only that a sentence within the bounds of the plea agreement is legal. The sentence still must be properly supported by aggravators and mitigators if necessary and is subject to review for inappropriateness. Here, Nguyen and the State agreed that his executed sentence would be no more than fifty-two years. Therefore, Nguyen may dispute the appropriateness of a sentence up to and including the stipulated maximum, which he has done by arguing that the "aggravating circumstances cited by the trial court do not justify an executed sentence in excess of the presumptive sentence." (Br. of Appellant at 16). Nguyen's argument fails, however, because his criminal history is a valid aggravator recognized by the trial court. As this is sufficient to render Nguyen's sentence appropriate, I concur.