Robert Wayne CLARK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0409–CR–772.

Court of Appeals of Indiana.

June 7, 2005.

Ronald K. Smith, Muncie, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, J.

### STATEMENT OF THE CASE

Appellant–Defendant, Robert W. Clark (Clark), appeals his conviction for non-support of a child, a Class C felony, Ind.Code § 35–46–1–5.

We affirm.

### ISSUE

Clark raises one issue on appeal, which we restate as follows: whether the trial court properly sentenced him in light of *Blakely v. Washington.*

### FACTS AND PROCEDURAL HISTORY

On January 17, 2002, the State filed an information, charging Clark with non-support of a child, a Class C felony, I.C. § 35–46–1–5. On July 1, 2004, in accordance with a plea agreement, Clark agreed to plead guilty to the charge. On the same day, during the guilty plea hearing, the trial court accepted Clark's plea agreement and found him guilty. Thereafter, on August 23, 2004, a sentencing hearing was held. Following the sentencing hearing, the trial court ordered Clark to serve a six-year executed sentence.

Clark now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Clark asserts that the trial court's imposition of an enhanced sentence violates *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied.* Specifically, Clark contends that the trial court erred in enhancing his sentence based on aggravating circumstances that were not supported by jury findings. We disagree.

Forfeiture occurs when a party fails "to make the timely assertion of a right." *Smylie v. State,* 823 N.E.2d 679, 693 n. 13 (Ind.2005) (quoting *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). A claim is generally considered forfeited if it is not objected to at trial. *Id.* at 689; *see Bruno v. State,* 774 N.E.2d 880 (Ind.2002). In *Smylie,* our Supreme Court held that a *Blakely* challenge will apply retroactively to all cases on direct review at the time that *Blakely* was announced even if a defendant failed to object to his sentence to the trial court. *Id.* at 690–91. Further, our Supreme Court stated that "a trial lawyer or an appellate lawyer would not be ineffective for proceeding without adding a *Blakely* claim *before Blakely* was decided." *Id.* at 690 (emphasis added).

The United States Supreme Court handed down *Blakely* on June 24, 2004. In this case, our review of the record reveals that Clark's sentencing hearing was held on August 23, 2004, two months after *Blakely* was handed down. Further, the record shows that Clark never objected to his sentence during his sentencing hearing. Therefore, because Clark failed to object to his sentence at any time to the trial court, and because his case was not on direct review at the time *Blakely* was announced, we find that he has forfeited his right to have this issue reviewed on appeal. *Id.* at 689, 693.

## CONCLUSION

Based on the foregoing, we find that the trial court properly sentenced Clark.

Affirmed.

SULLIVAN, J., and NAJAM, J., concur.