Harry GORNICK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A05–0409–CR–497.

Court of Appeals of Indiana.

Aug. 17, 2005.

Transfer Denied Sept. 28, 2005.

---

Marce Gonzalez, Jr., Merrillville, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Harry Gornick ("Gornick") pled guilty in Lake County Superior Court to Class B felony robbery and Class B felony confinement under cause number 45G04–0309–FB–76 ("FB–76"), Class B felony burglary under cause number 45G04–0309–FB–81 ("FB–81"), and Class C felony robbery and Class D felony confinement under cause number 45G04–0309–FC–116 ("FC–116") in the Superior Court of Lake County.

Gornick appeals, raising three expanded and restated issues for review:

I. Whether the factual determinations used to aggravate Gornick's sentence violate *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004);

II. Whether the trial court abused its discretion when it sentenced Gornick; and,

III. Whether Gornick's sentence is appropriate.

Concluding Gornick forfeited his *Blakely* claim, the trial court was within its discretion, and Gornick's sentence is appropriate, we affirm.

### Facts and Procedural History

On September 4, 2003, Gornick entered his mother's house, took her checkbook, drafted checks payable to himself in the amount of $850, and cashed each check without his mother's permission. The State charged Gornick by information with Class B felony burglary, Class D felony theft, Class C felony forgery, and Class C felony fraud on a financial institution under cause number 45G04–0309–FB–73 ("FB–73").

On September 14, 2003, Gornick confronted eighty-two year-old Loide Walsh ("Walsh") in her garage in Crown Point and demanded her ATM card and her money. After taking Walsh upstairs to retrieve her money, Gornick locked her in the trunk of her car. The State charged Gornick with Class C felony robbery and Class D felony confinement under FB–116.

On September 19, 2003, Gornick held Carolyn Sullivan ("Sullivan") at gunpoint on the front porch of her house in Crown Point. Gornick forced Sullivan to retrieve her purse and give him the money from it. The State charged Gornick with Class B felony robbery and Class B felony confinement under FB–76. Gornick obtained the handgun he used to hold Sullivan at gun-

point when he burglarized another dwelling, and the State charged Gornick with Class B felony burglary under FB–81.

On June 3, 2004, Gornick entered into a plea agreement where he agreed to plead guilty to the charges listed under FB–76, FB–81, and FB–116 in exchange for the State dismissing eight other pending charges, including the charges under FB–73. Gornick's plea agreement specifically provided that the trial court had the discretion to sentence him to any sentence up to but not over thirty-eight years.

The trial court ordered Gornick to serve fourteen years for Class B felony confinement and a concurrent sentence of fourteen years for Class B felony robbery under FB–76. The trial court ordered Gornick to serve fourteen years for his Class B felony burglary under FB–81. The trial court ordered Gornick to serve eight years for Class C felony robbery and a consecutive two-year sentence for Class D felony confinement under FB–116. The trial court finally ordered Gornick's sentences under FB–76, FB–81, and FB–116 to be served consecutively, culminating in a thirty-eight year sentence. Gornick now appeals.

### I. *Blakely*

Gornick asserts the trial court used *Blakely*-impermissible findings to aggravate his sentence. Gornick was sentenced on July 20, 2004, and *Blakely* was handed down on June 24, 2004. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On appeal, Gornick concedes that he failed to make a *Blakely* objection at trial. Br. of Appellant at 5. In *Smylie v. State*, 823 N.E.2d 679, 688 n. 13 (Ind.2005), our supreme court observed that forfeiture occurs when a party fails "to make the timely assertion of a right." A claim is generally considered forfeited if it is not objected to at trial. *Id.* at 689. Because Gornick failed

to raise an objection during his sentencing proceedings, he forfeited his *Blakely* claim. *See Clark v. State*, 829 N.E.2d 589, 590 (Ind.Ct.App.2005).

## II. Abuse of Discretion

 Sentencing decisions are generally within the trial court's discretion and will be reversed only for an abuse of discretion. *Matshazi v. State*, 804 N.E.2d 1232, 1237 (Ind.Ct.App.2004). The trial court must determine which aggravating and mitigating circumstances to consider when increasing or reducing a sentence and is responsible for determining the weight to accord these circumstances. *Id.* at 1238. A trial court's sentencing statement must (1) identify significant aggravating or mitigating circumstances, (2) state the specific reason why each circumstance is aggravating or mitigating, and (3) demonstrate that the factors have been weighed to determine that the aggravators outweigh the mitigators. *Id.*

Gornick claims the trial court abused its discretion in balancing his aggravating and mitigating factors. The trial court used the following aggravating factors in sentencing Gornick:

1. The defendant has recently violated the conditions of pre-trial release granted him by the Lake Superior Court, County Division II in Cause 45D08–0110–DF–143.
2. The defendant has recently violated the conditions of probation granted him by Lake Superior Court, Criminal Division IV in Cause 45G04–0009–DF–175 in which he was discharged unsatisfactorily.
3. The defendant has a history of criminal activity as previously stated.
4. The defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility for the reason that his prior lenient treatment has had no deterrent effect.
5. Imposition of a sentence below the presumptive sentence would depreciate the seriousness of the crime in that these crimes, being committed while on bond for a pending felony and being committed after ten years of criminal activity, show particular disdain for the law and the justice system.
6. The victim of the crime was at least 65 years of age.

Appellant's App. p. 75. The trial court used the following mitigating factors:

1. The defendant was addicted to drugs. The court finds this mitigator to be of little weight.
2. The defendant served in the United States Navy from 1988—1992, and in Kuwait from 1991 to 1992.

*Id.*

 Gornick first claims the trial court erred in not assigning mitigation to his remorse. However, Gornick did not advance his remorse as a mitigating factor to the trial court, and a defendant who fails to propose mitigating circumstances at the trial court level is precluded from advancing them on appeal. *Pennington v. State*, 821 N.E.2d 899, 905 (Ind.Ct.App.2005).

 Waiver notwithstanding, we find the trial court properly refused to consider Gornick's alleged remorse. The trial court, which has the ability to observe Gornick and listen to the tenor of his voice, is in the best position to determine whether Gornick's remorse is genuine. *See Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind.Ct.App.2004). Were Gornick truly remorseful for his conduct, he would have stopped committing crimes before he was apprehended.

██ Gornick also claims the trial court did not properly take into account his acceptance of responsibility for his crimes by pleading guilty. However, a trial court does not abuse its discretion by not finding a guilty plea as a mitigating factor when a defendant receives benefits for pleading guilty. *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind.1999). Gornick was initially charged with four Class B felonies, four Class C felonies, and three Class D felonies; Gornick received a significant benefit by pleading guilty. Furthermore, Gornick did not plead guilty until less than twenty days prior to trial. Appellant's App. pp. 2–3.

██ Gornick finally contends his mitigating factors balance his aggravating factors. However, Gornick stole from his mother, targeted his victims based upon their advanced age, and had a considerable crime spree. Given these considerations, the trial court was well within its discretion when it balanced Gornick's aggravating and mitigating circumstances.

## III. Inappropriate Sentencing Standard

██ Gornick lastly claims his sentence is inappropriate. Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B) (2005); *see also Asher v. State*, 790 N.E.2d 567, 570 (Ind.Ct.App.2003). However, when a plea explicitly permits the trial court to sentence a defendant within a set range and is not "open," the defendant waives his right to the inappropriate sentencing standard. *Mast v. State*, 824 N.E.2d 429, 431 (Ind.Ct.App.2005) (citing *Gist v. State*, 804 N.E.2d 1204, 1207 (Ind.Ct.App.2004)).[1]

The logic supporting a fixed plea's waiver of the inappropriate sentencing standard is that, although a trial court may abuse its discretion in weighing the aggravators and mitigators supporting a sentence within the range set forth by a fixed plea, a defendant would not agree to a sentencing range that would be so unjust as to be characterized as "inappropriate." *See Mann v. State*, 742 N.E.2d 1025, 1026 n. 1 (Ind.Ct.App.2001), *trans. denied; see also Gist*, 804 N.E.2d at 1207 ("If Gist thought a ten-year sentence was inappropriate, then presumably he would not have entered into the plea agreement in the first place."); *Wilkie v. State*, 813 N.E.2d 794, 804–05 (Ind.Ct.App.2004). However, in so holding, we emphasize that waiver of the inappropriate sentencing standard does not apply when a plea agreement is "open" and only provides for the statutory range applicable to the defendant's offense. *Mast*, 824 N.E.2d at 431; *Wilkie*, 813 N.E.2d at 804.

Waiver notwithstanding, Gornick stole from his mother, locked an eighty-two year old woman in the trunk of her car, admitted to targeting "old ladies who are alone" for victims, and engaged in a considerable crime spree. Tr. p. 43. Gornick's character and the nature of his multiple offenses justify an aggravated sentence.

---

1. Some have suggested that appellate waiver of the inappropriate sentencing standard conflicts with a defendant's constitutional right to appeal sentencing determinations. *See* Joel Schumm, *Trash Searches, Tongue Studs, GPS and More*, Vol. 48, No. 10 RES GESTAE 35, 37 (June 2005) (citing *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996) (defendants are "entitled to contest the merits of a trial court's sentencing *discretion* where the court has exercised that *discretion*.") (emphasis added)). As illustrated by this opinion and other opinions applying waiver, waiver of the inappropriate standard in no way impinges upon a defendant's ability to challenge the trial court's exercise of its sentencing discretion.

## Conclusion

Gornick forfeited his *Blakely* claim, the trial court properly exercised its discretion in its consideration of aggravating and mitigating sentencing factors, and Gornick's sentence is appropriate.

Affirmed.

DARDEN, J., and CRONE, J., concur.