**Johney I. MUNCY, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 03A01–0503–CR–127.

Court of Appeals of Indiana.

Sept. 20, 2005.

Jeffrey B. Jackson, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Johney I. Muncy appeals his convictions and sentence for class C felony attempted battery, class C felony operating a vehicle after a lifetime suspension, class A misdemeanor operating a vehicle while intoxicated, and an enhancement for being a habitual substance offender. We affirm.

### Issues

We restate Muncy's two issues as follows:

I. Whether the trial court committed reversible error in admitting brass knuckles and two pocket knives; and

II. Whether his sentence violates the Sixth Amendment.

### Facts and Procedural History

Around 10:30 a.m. on May 6, 2004, Indiana State Police Trooper Edward Olibo stopped a northbound van traveling ninety-one miles per hour on Interstate 65. Muncy, who was driving, stopped the van, went into the back seat, and covered himself with a jacket. His passenger moved into the driver's seat. The van was cluttered with open and closed alcoholic beverage containers. Trooper Olibo ordered Muncy to move to the front of the van. Muncy took off the coat and started to walk toward Trooper Olibo, who noticed a knife in a sheath at his waistband. When Muncy was less than three feet away, Trooper Olibo told him not to reach for the knife and to show him his hands. Muncy refused, grabbed the knife, and pulled it in an aggressive manner toward Trooper Olibo. The State charged Muncy with attempted battery, operating a vehicle after a lifetime suspension, and operating a vehicle while intoxicated.[1] The State also alleged that Muncy was a habitual substance offender.

---

1. The record suggests that Muncy was originally charged with battery, but the charge was later amended to attempted battery. Appellant's App. at 1; Tr. at 367–68, 409–10. Muncy's appellant's appendix does not contain the charging information.

On September 30, 2004, a jury convicted Muncy as charged and found him to be a habitual substance offender. On November 10, 2004, the trial court held a sentencing hearing. *Id.* at 481. The court found several aggravating factors, specifically: (1) the risk that Muncy will commit another crime; (2) the nature and circumstances of the crimes; (3) Muncy's extensive criminal history; (4) Muncy's character; (5) Muncy's past repeated violations of the conditions of probation; (6) the likelihood that imposition of a reduced or suspended sentence would depreciate the seriousness of the offense; and (7) the attempted battery was against a law enforcement officer during the execution of his duties. The court found no mitigating factors. The court sentenced Muncy to concurrent terms of seven years for operating a vehicle after a lifetime suspension and one year for operating while intoxicated, to be served consecutive to a six-year sentence for attempted battery and a five-year habitual substance offender enhancement, for an aggregate sentence of eighteen years. Muncy now appeals.

## Discussion and Decision

### I. Admission of Weapons

■ Muncy asserts that the trial court committed reversible error in admitting brass knuckles found in his pocket and two knives found in the van. We disagree.

The admission of evidence is a determination entrusted to the discretion of the trial court. We will reverse a trial court's decision only when the court's action is clearly against the logic and effect of the facts and circumstances before the court. In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the defendant's favor. If a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if the error is inconsistent with substantial justice or if a substantial right of the party is affected. Any error caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted.

*Wilhelmus v. State,* 824 N.E.2d 405, 414 (Ind.Ct.App.2005) (citations and quotation marks omitted).

Muncy contends that the weapons were not used in the commission of the attempted battery and that their admission created a danger of unfair prejudice that outweighed their probative value. *See* Ind. Evidence Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."); *see also Lycan v. State,* 671 N.E.2d 447, 454 (Ind.Ct.App.1996) (stating that, in general, "the introduction of weapons not used in the commission of the crime and not otherwise relevant to the case may have a prejudicial effect."), *trans. denied.*

■ Here, however, the weapons themselves were merely cumulative of Trooper Olibo's testimony that he found the brass knuckles and the knives. Muncy did not object at trial to the testimony about the weapons. Therefore, the admission of the weapons was harmless error. *See West v. State,* 755 N.E.2d 173, 183 (Ind.2001) (stating that admission of knife was not prejudicial when testimony about knife was already admitted).

### II. Sixth Amendment Challenge

■ Muncy contends that his sentence violates the Sixth Amendment. Citing

*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Muncy argues that his right to trial by jury was violated because his sentence was based on aggravators that were determined by a judge, not a jury. We note, however, that Muncy did not object on Sixth Amendment grounds during his sentencing hearing and thereby "forfeited [his] ability to appeal [his] sentence on *Blakely* grounds." *Smylie v. State,* 823 N.E.2d 679, 689 (Ind.2005). Muncy did not raise any *Blakely* concerns during his sentencing hearing in November 2004, even though *Blakely* had been in effect since June 2004.

■ Waiver notwithstanding, Muncy's criminal history alone was sufficient to support the trial court's imposition of a penalty in excess of the four-year presumptive sentence for a class C felony. "A single aggravating circumstance can justify the imposition of an enhanced sentence." *Williams v. State,* 818 N.E.2d 970, 976 (Ind.Ct.App.2004). "Therefore, we need not address whether the trial court's finding of other aggravating circumstances was improper under *Blakely* because [Muncy's] prior criminal history, standing alone, was sufficient to enhance his sentence." *Id.* Muncy's criminal history includes numerous arrests dating back to 1978, including multiple driving offenses and alcohol offenses. Tr. at 497. Therefore, the trial court did not err in enhancing Muncy's sentence for his class C felony convictions.

Affirmed.

NAJAM, J., concurs.

BARNES, J., concurs in part and dissents in part, with opinion.

BARNES, Judge, concurring in part and dissenting in part.

I concur with the majority's resolution of the evidentiary issue. After reflecting upon and reviewing the *Smylie* decision, I have concluded that I cannot and do not concur with the analysis of Muncy's *Blakely* argument and respectfully dissent on that issue. I concede there are reasons why it might be appropriate to conclude a defendant has waived or forfeited any *Blakely* arguments if he or she was sentenced after *Blakely* was decided but failed to make a Sixth Amendment argument to the trial court. I also acknowledge that other panels of this court have taken the waiver position that the majority does here. *See Gornick v. State,* 832 N.E.2d 1031, 1033–34 (Ind.Ct.App.2005); *Clark v. State,* 829 N.E.2d 589, 590 (Ind.Ct.App. 2005). I simply do not read *Smylie* in the way that colleagues of mine have. With respect to defendants sentenced before *Smylie* was decided, I do not agree that there is waiver or forfeiture of a *Blakely* claim for failing to object to the trial court.

In *Smylie,* issued several months after Muncy was sentenced, our supreme court for the first time directly addressed *Blakely*'s application to Indiana's sentencing scheme and held the scheme was invalid, at least to the extent that it permitted judges to enhance sentences above the presumptive based on facts neither admitted by the defendant nor proven to a jury. *Smylie,* 823 N.E.2d at 683–84. *Smylie* also addressed whether the defendant there had waived his argument regarding *Blakely* because he had failed to lodge a Sixth Amendment objection to his sentencing procedures. Our supreme court concluded there was no waiver or forfeiture of this argument and held, "a defendant need not have objected at trial in order to raise a *Blakely* claim on appeal inasmuch as not raising a *Blakely* claim before its issuance would fall within the range of effective lawyering." *Id.* at 691.

*Smylie* did not directly address forfeiture or waiver in the context of a defen-

dant sentenced after *Blakely* but before *Smylie;* the only issue it had to address was the situation before it, i.e. a defendant sentenced before *Blakely* but whose appeal was pending when *Blakely* was decided. Nevertheless, our supreme court clearly implied that a defendant sentenced after *Blakely* but before *Smylie* should not be considered to have waived or forfeited a *Blakely* argument for failing to make a Sixth Amendment objection to the trial court. The *Smylie* opinion states, "Because *Blakely* represents a new rule that was sufficiently novel that it would not have been generally predicted, much less envisioned to invalidate part of Indiana's sentencing structure, requiring a defendant or counsel to have prognosticated the outcome of *Blakely or of today's decision* would be unjust." 823 N.E.2d at 689 (emphasis added). It is impossible for me to explain away this sentence. It says, unequivocally, that it "would be unjust" to require defendants or their attorneys to have lodged a *Blakely* objection to sentencing *before Smylie* was decided. I read this as binding precedent and a directive for us to follow—period.

The majority quotes *Smylie* as support for the proposition that because Muncy did not object on Sixth Amendment grounds during his sentencing hearing, he " 'forfeited [his] ability to appeal [his] sentence on *Blakely* grounds.' " Op. at 218 (quoting *Smylie*, 823 N.E.2d at 689). The entire quote in *Smylie* is, "we agree with the State that it is entirely possible for defendants to have waived or forfeited their ability to appeal their sentence on *Blakely* grounds." *Smylie*, 823 N.E.2d at 689. However, *Smylie* ultimately held only that such waiver or forfeiture occurs if a defendant has "appealed without raising any complaint at all about the propriety of their sentence...." *Id.* at 690. *Smylie* nowhere holds that a failure to object to the trial court in a post-*Blakely*, pre-*Smy-*

*lie* sentencing hearing waives or forfeits any *Blakely* argument. Instead, our supreme court advised, "it is appropriate to be rather liberal in approaching whether an appellant and her lawyer have adequately preserved and raised a *Blakely* issue." *Id.* That language seems clear to me, though I concede Smylie himself did not have a *Blakely* argument to make at the time he was sentenced.

There is another reason why I am not inclined to find waiver or forfeiture of *Blakely* claims regarding sentencing that occurred between *Blakely* and *Smylie*. When *Blakely* was decided, the Attorney General of Indiana took the public position that *Blakely* did not impact Indiana's sentencing scheme. *See, e.g.,* National Center for State Courts, *Blakely v. Washington: Implications for State Courts,* p. 10, available at http://www.ncsc online.org/WC/Publications/KIS _SentenBlakely.pdf (July 16, 2004) ("Indiana is apparently not affected by *Blakely,* according to a spokesperson for the state's attorney general."). The State argued adamantly and consistently in multiple briefs to this court in numerous cases, as well as in *Smylie* of course, that *Blakely* had no effect in Indiana. It seems a bit puzzling for the State to now argue that defendants sentenced after *Blakely* but before *Smylie* should have known that *Blakely* impacted Indiana's sentencing scheme, when the State's chief law enforcement official was consistently stating the opposite. This comes close to judicial estoppel, or the State taking a position in court diametrically opposed to its previous position.

After re-reading *Smylie* and considering the State's shifting views on the certainty that *Blakely* invalidated Indiana's sentencing scheme, I would hold that Muncy has not forfeited or waived his *Blakely* claim in this appeal. Turning to the merits of that claim, Muncy does have a criminal history,

which is exempt from *Blakely*'s jury-finding requirement. The trial court found several other aggravators, however, that are invalid under *Blakely* and *Smylie*, including the nature and circumstances of the crime, Muncy's character, and that the attempted battery was against a law enforcement officer during the execution of his duties. Our duty in a case where a trial court has improperly relied upon noncriminal history aggravators neither found by a jury nor admitted by a defendant is to determine whether we can say, *beyond a reasonable doubt,* that the trial court would have imposed an identical sentence relying strictly on the permissible aggravators and ignoring the impermissible aggravators. *Freeze v. State,* 827 N.E.2d 600, 604 (Ind.Ct.App.2005). I cannot reach that conclusion in this case, given the sheer number of improper aggravators to which the trial court here referred. It is apparent to me that Muncy is entitled to resentencing under *Smylie*'s guidelines.

I vote to affirm Muncy's convictions but to remand for resentencing.