**Pravin D. THAKKAR, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 48A02–9310–CR–530.**

Court of Appeals of Indiana, Second District.

Dec. 20, 1994.

---

Jeffrey A. Lockwood, Schuyler, Eisele & Lockwood, Anderson, James H. Voyles, Dennis E. Zahn, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Dr. Pravin D. Thakkar (Thakkar) appeals his sentence upon convictions of two counts of Performance of an Illegal Abortion, class C felonies; two counts of Battery, class C felonies; two counts of Criminal Recklessness, class D felonies; and one count of Attempted Illegal Abortion, a class C felony. He presents two issues for our review:

I. Whether the trial court erred in denying Thakkar's motion for change of judge prior to re-sentencing; and

II. whether the trial judge erred in failing to articulate that he evaluated and balanced the mitigating circumstances against the aggravating circumstances?

Because we deem the first issue dispositive, we confine our discussion to that issue.

On October 11, 1991, Thakkar was convicted of the foregoing charges, as well as a third count of Performance of an Illegal Abortion. The trial judge found that both Criminal Recklessness convictions had merged with the respective Battery convictions and imposed no sentence upon the Criminal Recklessness convictions. He imposed the maxi-

mum sentence upon all of the class C felonies: four years for each Illegal Abortion conviction and four years for each Battery conviction. The trial judge enhanced all of these maximum sentences by four years, but suspended the enhanced portion of each sentence.

Upon appeal, the third count of Performance of an Illegal Abortion was deemed barred by the statute of limitations and overturned. *Thakkar v. State* (1993) 5th Dist. Ind.App., 613 N.E.2d 453. The court, *sua sponte,* determined that the judge's sentencing statement did not specify the aggravating circumstances supporting the enhanced sentence and remanded for re-sentencing. *Id.* at 461. After remand, but before the re-sentencing hearing, Thakkar moved for a change of judge alleging that the trial judge was biased and prejudiced against him. The motion was denied. Thakkar claims error.

We reverse.

### I. *Change of Judge*

■ It is within the discretion of the trial court to grant a change of judge at the sentencing stage of a criminal prosecution. *Johnson v. State* (1985) Ind., 472 N.E.2d 892, 911. A reviewing court may reverse a denial of a change only for an abuse of that discretion. *Johnson, supra.* In *Wallace v. State* (1985) Ind., 486 N.E.2d 445, 456, *cert. denied* (1986) 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723 and (1991) 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491, the court held that reversal will lie for bias and prejudice where the trial judge has expressed an opinion upon the merits of the controversy before him.

■ Thakkar states that the trial judge attended the oral argument on the first appeal, following which he publicly commented that Thakkar had received a fair trial, that the evidence was devastating, that no one claimed during oral argument that Thakkar was not guilty, and that it was common for lawyers to blame the misfortunes of their clients upon the trial judge.[1] Thakkar claims that the trial judge commented upon the merits of the appeal through these remarks, and that such bias and prejudice would have a negative impact upon him at sentencing. Although the remarks made to members of the media following appellate oral argument did not specifically relate to the sentencing hearing to be held, to the possible sentences which might be imposed, or to the factors which would be considered in reaching that determination, the remarks stray far afield from the objectivity and impartiality which trial courts are obligated to display. See *Indiana Code of Judicial Conduct,* Canons 2 and 3. The comments were such as to clearly bring into question the trial court's objectivity in the matter. They carried an unmistakable coloring of hostility toward the defendant's exercise of his right of appeal.[2]

We acknowledge that in *Yager v. State* (1982) Ind., 437 N.E.2d 454, our Supreme Court indicated that inappropriate and seem-

---

**1.** These allegations are contained in a sworn statement made by Thakkar himself. The State urges us to hold the argument waived because Thakkar did not include in the record newspaper articles containing the alleged statements, citing *Linder v. State* (1983) Ind., 456 N.E.2d 400. In *Linder,* the defendant alleged that the judge had made biased and prejudiced comments in several newspaper articles. However, the defendant did not place the articles in the record for the reviewing court. Our Supreme Court held that defendant had not met his burden of proof that the judge made biased and prejudiced remarks.

This case is distinguishable because Thakkar provided a sworn statement that remarks showing bias and prejudice had been made. Not every biased remark is made in the presence of a court stenographer or the news media. If an official transcript or newspaper article were the only method by which a party could show that biased and prejudiced remarks had been made,

some parties would be foreclosed from ever proving such bias.

**2.** It may be noted that one of the issues upon appeal at that time was the assertion of prejudicial misconduct upon the part of the judge during voir dire, in that the judge improperly berated defense counsel, " 'became visibly angry, rose from the bench, threw down his glasses, and accused defense counsel of conducting improper voir dire.' " *Thakkar v. State, supra,* 613 N.E.2d at 458. The Fifth District did not reverse the judgment upon this ground, in part because the trial judge, in the presence of the jury, apologized to counsel and stated how much counsel was admired by the trial judge. Nevertheless, the court opined that the conduct was "certainly inappropriate and under a different set of circumstances might taint a jury." 613 N.E.2d at 459.

ingly biased remarks which take place after trial but before sentencing do not require reversal. In *Yager,* however, the court placed that determination in perspective when it observed that the defendant had shown no prejudice because he "received the minimum sentence he could have received on each count on which he was found guilty." 437 N.E.2d at 462.

The situation before us is quite different. Upon each class C felony count, Thakkar received enhanced sentences for eight years, the maximum term permitted by statute. I.C. 35–50–2–6 (Burns Code Ed.1994). That four years of each sentence was suspended does not change the fact that the sentences were enhanced to the maximum permitted by law. Furthermore, we see no basis for affirming the maximum sentences given merely because they did not differ from the sentences originally imposed. A maximum sentence is a maximum sentence. It cannot be made more onerous.

In any event, whether the trial court was actually and in fact biased against the defendant is not the determinative issue. The true question is whether " 'an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting the judge's impartiality.' ". *Mahrdt v. State* (1994) 1st Dist.Ind.App., 629 N.E.2d 244, 248, quoting Chief Justice Shepard's recusal statement in *Tyson v. State* (1993) Ind., 622 N.E.2d 457. It should be noted that Chief Justice Shepard's recusal took place at the appellate stage, at which time there was no longer a presumption of innocence which attached to the defendant. In that respect, it is closer, by analogy, to a recusal for sentencing than for a recusal which is mandated at the guilt-determining stage.

■ In any event, the appearance of bias and partiality requires recusal just as does the actual existence of those impediments. Such recusal is required not only prior to conviction, but also with regard to sentencing or appellate review.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

FRIEDLANDER, J., concurs.

GARRARD, J., concurs in result.