Paul L. **PATTERSON**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 09A02–0909–CR–849.

Court of Appeals of Indiana.

April 29, 2010.

---

Matthew D. Barrett, Matthew D. Barrett, P.C., Logansport, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

Paul Patterson appeals the ten-year sentence imposed after he pled guilty to dealing in cocaine, a Class B felony. For our review, Patterson raises two issues that we consolidate and restate as one: whether Patterson received ineffective assistance of counsel when counsel did not move for the judge presiding over his sentencing hearing to recuse himself. Concluding that the sentencing judge's prior participation in the case as a prosecuting attorney re-

quired his disqualification and, therefore, Patterson's counsel was ineffective by failing to move for a change of judge, we reverse and remand this case to the trial court with instructions to have the case assigned to a different judge.

### Facts and Procedural History [1]

On September 18, 1997, Patterson was arrested after selling cocaine to an undercover police officer. The next day, the State charged Patterson with dealing in cocaine, a Class B felony. Leo Burns, then a Cass County deputy prosecuting attorney, signed the information charging Patterson and participated in the probable cause hearing in Cass Circuit Court. Burns did not participate in any further proceedings as a prosecutor. Attorney Jay Hirschauer was appointed to represent Patterson. Patterson entered into a plea agreement with the State whereby he agreed to plead guilty to the charge and the State agreed the sentence would be "at the court's sole discretion up to ten years in prison," Appellant's Appendix at 14, and at a hearing on February 27, 1998, changed his plea from not guilty to guilty. The trial court took the plea agreement under advisement, ordered a pre-sentence investigation report, and set the case for a sentencing hearing on March 25, 1998. However, Patterson failed to appear for his sentencing hearing and was not located for over a decade until he was arrested in Illinois.

While Patterson was incarcerated in Illinois in 2009, authorities there discovered the outstanding warrant for his arrest in Indiana. By this time, Leo Burns was Judge of the Cass Circuit Court. On August 5, 2009, Patterson appeared before Judge Burns for a status hearing, at which time Judge Burns and the State had a

conversation that, while only partially audible, seems to indicate the State was informing Judge Burns of his prior involvement in the case. Judge Burns stated, "I don't think that knocks me out of the box necessarily," and indicated he would address it at the next hearing. On August 20, 2009, Patterson appeared, with attorney Hirschauer, before Judge Burns for a sentencing hearing. Judge Burns did not disclose his previous participation in the case, and Patterson did not move for a change of judge. At the conclusion of the sentencing hearing, the trial court sentenced Patterson to ten years in prison, the maximum sentence allowed by his plea agreement. Patterson now appeals.

### Discussion and Decision

#### I. Standard of Review

Patterson argues he received ineffective assistance from his trial counsel. When reviewing ineffective assistance of counsel claims, we use the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the first prong, Patterson must establish his counsel's performance was deficient; that is, the performance fell below an objective standard of reasonableness, thereby denying Patterson his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Terry v. State*, 857 N.E.2d 396, 402–03 (Ind.Ct.App.2006), *trans. denied.* Under the second prong, Patterson must show prejudice; that is, he must demonstrate a reasonable probability the result of the trial would have been different if counsel had not made the errors. *Id.* If our confidence that the result would have been the same is undermined, we will find a reasonable probability of a different re-

1. We held oral argument in this case on April 1, 2010, at Ivy Tech Community College in Lafayette, Indiana. We express our appreciation to the faculty, staff, and students at Ivy Tech for the invitation and hospitality and to the attorneys for their capable presentations.

sult exists. *Id.* Failure to establish either prong will cause the claim to fail. *French v. State,* 778 N.E.2d 816, 824 (Ind.2002).

## II. Ineffective Assistance of Counsel

### A. Failure to Move for Change of Judge

Patterson alleges his counsel was ineffective in failing to file a motion for change of judge prior to his sentencing. To prevail on an ineffective assistance of counsel claim based upon failure to file a motion on a defendant's behalf, the defendant must demonstrate that the motion would have been successful. *Moore v. State,* 872 N.E.2d 617, 621 (Ind.Ct.App.2007), *trans. denied.* Criminal Rule 12(B) governs the change of judge in a felony case:

> [T]he state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant.[2] The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

The law presumes a judge is unbiased and unprejudiced. *Garland v. State,* 788 N.E.2d 425, 433 (Ind.2003). "A change of judge is neither automatic nor discretionary, but rather requires the trial judge to make a legal determination, not a self-analysis, of actual bias or prejudice." *Voss v. State,* 856 N.E.2d 1211, 1217 (Ind. 2006). Adjudicating a Criminal Rule 12(B) request for change of judge requires the judge to examine the affidavit, treat the facts recited therein as true, and determine objectively, not subjectively, whether the facts support a rational inference of bias or prejudice. *Id.* at 1216.

In addition, our supreme court has considered whether the Judicial Canons "provide an independent basis requiring disqualification even if the analysis required for determination under Criminal Rule 12(B) would not require a change of judge." *Id.* at 1221; *see also Allen v. State,* 737 N.E.2d 741, 744 (Ind.2000). "[A] trial judge has the discretionary power to disqualify himself sua sponte whenever the existence of any semblance of judicial bias or impropriety in a proceeding in his court comes to his attention." *Stein v. State,* 166 Ind.App. 133, 135, 334 N.E.2d 698, 699 (1975). Despite this general discretionary rule for recusal, Indiana Judicial Conduct Canon 2.11(A)[3] states:

> A judge *shall* disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> * * *
>
> (6) The judge:

---

**2.** The motion for change of judge is generally required to be filed within ten days after a plea of not guilty is entered. Ind.Crim. Rule 12(D)(1). If the applicant first obtains knowledge of a reason to move for a change of judge after that time, however, the applicant may file the motion "which shall be verified by the party specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence." Crim. R. 12(D)(2). Because there was no cause to seek a change of judge until Patterson returned to Indiana to be sentenced, the timeliness of any such motion would not have been an issue.

**3.** Prior to a reorganization of the Indiana Code of Judicial Conduct in 2009, this section regarding disqualification of a judge was found in Canon 3(E).

(a) served as a lawyer in the matter in controversy . . . [or]

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding. . . .

(Emphasis added.) "A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed." Jud. Canon 2.11 cmt. [2]. The "appearance of bias and partiality requires recusal just as does the actual existence of those impediments." *Thakkar v. State,* 644 N.E.2d 609, 612 (Ind.Ct.App.1994). The question is "whether an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality." *Id.* (quotation omitted).

■ Turning to the specific facts of this case, Patterson's counsel did not appear in the case until after Judge Burns's active participation when he was deputy prosecuting attorney.[4] Nonetheless, Judge Burns's name appears numerous times in the record, including in the information, the chronological case summary, and the transcript of the probable cause hearing. Therefore, Patterson's counsel had ample opportunity to discover Judge Burns's prior participation in the case well in advance of the sentencing hearing and could have filed a timely motion for change of judge. The State conceded at oral argument that if such a motion had been filed, it would have been successful. As to Judge

Burns's knowledge of his prior involvement, we note the following exchange during the August 5, 2009, status hearing after the trial court set Patterson's sentencing hearing for August 20, 2009:

[State]: May I just approach for a moment?

The Court: Yes. Did I misunderstand something?

[State]: (Inaudible.)

The Court: Okay. Thanks for bringing it to my attention. Let's—I don't think that knocks me out of the box necessarily.

[State]: (Inaudible.)

The Court: I will confront it next time we're on the record. Okay?

[State]: (Inaudible.)

The Court: But thanks. I'm glad you did that. I hadn't even gone that far into it.

Transcript at 71. Although it is impossible to know for certain what the conversation was about, given the State's side of the conversation is inaudible, the State agreed at oral argument with Patterson's assertion that there was no other topic this conversation could be about than Judge Burns's prior participation in the case.[5] As Judicial Canon 2.11(A)(6) identifies participation as a lawyer in a proceeding as a circumstance in which "the judge's impartiality might reasonably be questioned," such participation would also "support a rational inference of bias or prejudice" pursuant to Criminal Rule 12(B). In sum, as Judge Burns had not already recused

---

4. The information was filed and Judge Burns appeared for the State at a probable cause hearing on September 19, 1997. Jay Hirschauer was appointed to represent Patterson on September 22, 1997, at which time Richard Maughmer had apparently taken over the case for the State. Hirschauer continued to represent Patterson throughout the proceed-

ings, including upon his return to Indiana for sentencing.

5. Hirschauer did not appear at the status conference. Judge Burns noted during the status conference that "Mr. Hirschauer is your lawyer. This case is more than ten years old at this point, but Mr. Hirschauer is still around and active as a defense attorney." *Id.* at 69.

himself on the basis of his own knowledge of his earlier participation, Patterson's counsel should have filed a motion for change of judge, and Judge Burns would have been obligated to recuse himself. *See Calvert v. State*, 498 N.E.2d 105, 107 (Ind.Ct.App.1986) ("[A] trial judge must disqualify himself from a proceeding in which he has actively served as an attorney for one of the parties regardless of whether actual bias or prejudice exists.").

■■■ Turning to the prejudice prong, the plea agreement Patterson entered into left the sentence to the trial court's discretion, but provided for a maximum sentence of ten years. Patterson's ten-year sentence was therefore within the parameters of the plea agreement. Nonetheless, "[a]ll defendants in a criminal prosecution have a due process right to a trial before an impartial tribunal." *Blanche v. State*, 690 N.E.2d 709, 714 (Ind.1998) (addressing a request for change of judge made prior to defendant's sentencing). Patterson could definitively prove he was not prejudiced only if he received the minimum sentence;[6] because the sentence was discretionary, there is no way to know if he was prejudiced otherwise.[7] *Cf. Thakkar*, 644 N.E.2d at 612 (stating case in which it was held defendant showed no basis for recusal of sentencing judge because defendant received minimum sentence was "quite different" from case where defendant received maximum sentence and further noting fact that original sentence and sentence on remand were the same did not overcome appearance of bias or prejudice from trial judge's comments after successful appeal because "[a] maximum sentence is a maximum sentence. It can-

not be made more onerous.") (citing *Yager v. State*, 437 N.E.2d 454, 462 (Ind.1982)). Moreover, we note both parties indicated at oral argument that any error in Judge Burns imposing a sentence in this case could not be cured by our independent review of Patterson's sentence pursuant to Indiana Appellate Rule 7(B). *Cf. Blanche*, 690 N.E.2d at 714 (noting, in deciding master commissioner did not err in denying defendant's motion for change of judge prior to sentencing, that court also analyzed defendant's sentence under then-applicable Appellate Rule 17(B) and determined it was not manifestly unreasonable). Given the mandatory disqualification language in Judicial Conduct Canon 2.11, Patterson was prejudiced by the simple fact he was denied his right to have an impartial judge preside over his criminal proceedings, because had his attorney discovered the conflict and brought it to Judge Burns's attention, Judge Burns would have been required to recuse himself and assign the case to a different judge to whom no taint of bias or prejudice attached. Accordingly, we hold Patterson received ineffective assistance from his trial counsel.

### B. Failure to Move to Withdraw Guilty Plea

Patterson also alleges his counsel was ineffective because he failed to file a motion to withdraw Patterson's guilty plea. We need not address this issue as both parties agreed at oral argument that should we decide, as we have, that Judge Burns should not have sentenced Patterson, the case will "reset" to the procedural

---

**6.** Because Patterson had a prior felony conviction, he faced a mandatory minimum sentence of six years. *See* Ind.Code § 35–50–2–2(b).

**7.** Although not specifically applicable to this case, we note the only other time there would definitively be no prejudice is if the plea was not an open plea and the trial court had no discretion in sentencing the defendant upon accepting the plea agreement.

posture it was in prior to Judge Burns first acting as judge. The last event prior to Patterson absconding was his change of plea hearing on February 27, 1998, at which time the plea agreement was taken under advisement pending the completion of a pre-sentence investigation report. *See* Tr. at 62 (trial court stating, "Probable cause is found, factual basis established to support the plea entered subject to final determination based upon the pre-sentence investigation report to be filed with the Court."). On remand, this case will resume at that point, with the plea agreement still under advisement. Therefore, if Patterson has any grounds for moving to withdraw his guilty plea, he will have the opportunity to make such a motion, and he has not been prejudiced by any alleged failure to file the motion before Judge Burns. *See Henley v. State*, 881 N.E.2d 639, 645 (Ind.2008) ("If we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient."). Likewise, the new judge may reject the plea agreement and set the case for trial if he or she deems that appropriate.[8]

### Conclusion

Judge Burns acted as a prosecuting attorney on behalf of the State at the inception of the criminal proceedings against Patterson in this case. As a result, Judicial Conduct Canon 2.11(A) disqualifies Judge Burns from presiding over the same proceedings as a judge. Patterson's counsel was ineffective by not filing a motion for change of judge under these circumstances, and Patterson was prejudiced because he was denied his right to have an impartial judge preside over his criminal proceedings. Therefore, we reverse and remand this case to the trial court with instructions to have the case assigned to a different judge.

Reversed and remanded with instructions.

RILEY, J., and MAY, J., concur.

---

8. Patterson's counsel acknowledged at oral argument that this would be a possible consequence of the result Patterson seeks.