**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES PIGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1210-CR-838 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable George A. Hopkins, Judge
Cause No. 34D04-1112-FB-227

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

James Pigg appeals the trial court's denial of his motion to correct error, wherein he had moved for a change of judge, following his convictions for battery, as a Class C felony, and battery, as a Class D felony. Pigg presents a single issue for our review, namely, whether the trial court erred when it denied his motion for a change of judge.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Following a jury trial in August 2012, the trial court entered judgment of conviction for battery, as a Class C felony, and battery, as a Class D felony, and, on September 21, the trial court sentenced Pigg to an aggregate term of nine years. During the sentencing hearing, the State submitted certain records, consisting of approximately fifteen pages, it had only recently obtained documenting Pigg's convictions in 1971, 1978, 1983, and 1985. The trial court called a recess to give Pigg and his counsel an opportunity to review the records before admitting them into evidence. After five minutes had elapsed, the trial court asked defense counsel whether he had had "a chance to see [the records]" and defense counsel responded that he and Pigg had "had an opportunity to review the documents[.]" Transcript at 549-50. Defense counsel made no objection, and the trial court admitted the records into evidence.

Upon further review of the documentation of Pigg's 1978 conviction for misdemeanor battery, Pigg discovered that the trial judge presiding over the instant case, George A. Hopkins, had served as deputy prosecutor in the 1978 prosecution. And on October 9, Pigg filed a motion to correct error alleging that he was entitled to a change of

judge and/or requesting that his convictions be set aside. In particular, Pigg argued that because Judge Hopkins had served as deputy prosecutor in the 1978 prosecution of Pigg, Pigg's convictions should be vacated and/or he is entitled to a change of judge. The trial court denied that motion following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

In Sisson v. State, 985 N.E.2d 1, 18 (Ind. Ct. App. 2012), trans. denied, we set out the applicable standard of review and law governing a motion for a change of judge:

> A trial court's ruling on a motion for change of judge is reviewed under the clearly erroneous standard, and the law presumes that a judge is unbiased and unprejudiced. Garland v. State, 788 N.E.2d 425, 433 (Ind. 2003). Indiana Criminal Rule 12 provides that the State or a defendant may request a change of judge by timely filing an affidavit alleging that the judge has a personal bias against the State or the defendant and setting forth the facts and reasons supporting the allegation of bias. The rule sets forth the following requirements with respect to timeliness:

>> (D) Time Period for Filing Request for Change of Judge or Change of Venue. In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

>>> (1) Ten Day Rule. An application for a change of judge or change of venue from the county shall be filed within ten (10) days after a plea of not guilty, or if a date less than ten (10) days from the date of said plea, the case is set for trial, the application shall be filed within five (5) days after setting the case for trial . . . .

>>> (2) Subsequently Discovered Grounds. If the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, the applicant may file the application, which shall be verified by the party specifically alleging when the cause was first discovered, how it was

3

discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and after a hearing on the motion, the ruling of the court may be reviewed only for abuse of discretion.

The law is settled that a defendant is not entitled to a change of judge where the mandates of Criminal Rule 12 have not been followed. Flowers v. State, 738 N.E.2d 1051, 1059 (Ind. 2000).

(Emphasis added).

Here, Pigg did not request a change of judge until more than two weeks after he was sentenced. Thus, his request was not timely under Criminal Rule 12(D)(1). And Pigg did not submit a verified application to explain why he could not have discovered the alleged conflict of interest earlier by the exercise of due diligence. Thus, his request did not comply with Criminal Rule 12(D)(2). Accordingly, the trial court did not err when it denied his request for a change of judge. See Flowers v. State, 738 N.E.2d at 1059.

Still, Pigg contends that Rule 2.11(A)(6) of the Indiana Code of Judicial Conduct governs and that Judge Hopkins had a "duty" to disqualify himself because his impartiality in this case might be questioned. Appellant's Brief at 6. As we explained in Sisson, "[o]ur supreme court has held that 'the Judicial Canons may provide an independent basis requiring disqualification even if the analysis required for determination under Criminal Rule 12(B) would not require a change of judge.'" 985 N.E.2d at 19 (quoting Voss v. State, 856 N.E.2d 1211, 1221 (Ind. 2006)). Rule 2.11(A)

4

of the Code of Judicial Conduct provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" And the comments to Rule 2.11 provide that "[a] judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed." Jud. Cond. R. 2.11, cmt. 2. Whether the trial court harbors actual bias against the defendant is not the dispositive issue under the rule; the true question is whether an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting the judge's impartiality. Sisson, 985 N.E.2d at 19.

Pigg relies on two cases in support of this contention on appeal, namely, Mathews v. State, 978 N.E.2d 438 (Ind. Ct. App. 2012), and Patterson v. State, 926 N.E.2d 90 (Ind. Ct. App. 2010). But those cases are readily distinguishable from this case. In Mathews, the trial judge had previously represented the defendant in a case that resulted in a conviction which supported the defendant's adjudication as an habitual offender. And in Patterson, the trial judge had previously served as prosecutor in the same criminal matter for which the defendant stood trial. Here, in contrast, the evidence shows that neither Pigg nor Judge Hopkins had any memory of Judge Hopkins' role in Pigg's 1978 misdemeanor conviction. And there is no evidence suggesting that Judge Hopkins had any actual bias against Pigg in this case. We cannot say that an objective person, knowledgeable of all the circumstances, would have a reasonable basis for doubting Judge Hopkins' impartiality in Pigg's instant trial and sentencing, which was thirty-five

years after his 1978 misdemeanor conviction. See id. The trial court did not err when it denied Pigg's motion for change of judge.

Affirmed.

BAKER, J., and CRONE, J., concur.