## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2018, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Richard Dodd
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Dodd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 13, 2018

Court of Appeals Case No.
71A03-1702-PC-452

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1509-PC-40

**Pyle, Judge.**

# Statement of the Case

Richard Dodd ("Dodd") appeals from the post-conviction court's denial of his second successive petition for post-conviction relief. He specifically challenges the denial of his claim alleging that he had received ineffective assistance of appellate counsel from the attorney who filed the appeal from his resentencing hearing. Concluding that Dodd has failed to meet his burden of showing that the post-conviction court erred by denying relief on his allegation of ineffective assistance of resentencing appellate counsel, we affirm the post-conviction court's judgment.

We affirm.

# Issue

Whether the post-conviction court erred by denying post-conviction relief on Dodd's claim of ineffective assistance of resentencing appellate counsel.

# Facts

This appeal stems from Dodd's second successive post-conviction proceeding, in which he argued, in part, that he had received ineffective assistance of resentencing appellate counsel. The facts of Dodd's crimes and procedural history of his case were set forth in the memorandum decision from the direct appeal of his resentencing order as follows:

> In December 1997, Dodd burglarized a gas station while trying to steal a snowmobile. Officer Brent Croymans responded to the burglar alarm. Dodd fired seventeen to eighteen gunshots at Officer Croymans, one of which hit his protective vest. The State

charged Dodd with attempted murder, a class A felony, and burglary, a class C felony. A jury found him guilty as charged.

Dodd was twenty-five years old when he committed those offenses. In 1990, he committed two class C felony burglaries. Dodd received an aggregate sentence of six years' [sic] probation for the burglaries. In January 1991, Dodd committed another class C felony burglary, and his probation was revoked. In June 1991, he was sentenced for the January burglary to four years in the Department of Correction ("DOC") with two years' [sic] probation. Dodd was released in April 1995, and his probation ended in April 1997. In June 1997, Dodd was convicted of operating a vehicle while intoxicated, a class A misdemeanor, and sentenced to one year of probation. Dodd was still on probation when he committed the attempted murder and burglary offenses. Dodd also reported using LSD, cocaine, marijuana, and alcohol to the presentence investigation report ("PSI") investigator and that he was using drugs on the night of the attempted murder.

At the original sentencing hearing the trial court found five aggravating factors: (1) Dodd's multiple probation revocations; (2) Dodd's history of criminal activity, which included three felony convictions for burglary; (3) Dodd used a deadly weapon during the burglary and attempted murder of Officer Croymans; (4) Dodd was on probation when he committed the present offenses; and (5) Dodd committed an act that was "intentionally and alarmingly malicious" and "void of any respect for human life" when he repeatedly fired in an attempt to kill Officer Croymans. Original Sentencing Tr. at 453. The trial court found no mitigating factors. Dodd was sentenced to the maximum term of fifty years for attempted murder and the maximum term of eight years for the burglary. The trial court ordered these two sentences to be served consecutively for a total term of fifty-eight years.

On direct appeal, Dodd's original sentence was upheld. He then filed a motion to correct erroneous sentence, which was denied.

This Court granted him permission to file a successive petition for post[-]conviction relief. [During the successive post-conviction hearing, the parties agreed that Dodd's Class A felony attempted murder conviction and Class C felony burglary conviction were part of an episode of criminal conduct for sentencing purposes under INDIANA CODE § 35-50-1-2 and that his consecutive sentences totaling fifty-eight years were statutorily excessive.[1]] The post[-]conviction court found that the consecutive sentences imposed on Dodd exceeded the maximum sentence permitted for an episode of criminal conduct and remanded for resentencing. *See* Ind. Code § 35-50-1-2 (defining and setting sentencing limits for episode of criminal conduct). The trial court ordered a resentencing hearing. The trial court also ordered a supplemental PSI, which noted that Dodd, while incarcerated, claimed to have completed several programs and courses in order to earn his associate's and bachelor's degrees. The PSI also noted that based on Dodd's criminal history, education, employment, financial situation, and other factors, he was classified in the high-risk category to reoffend under the Indiana Risk Assessment System.

[The day before the resentencing hearing, Dodd's resentencing counsel, Thomas Strickler ("Resentencing Attorney"), filed a motion for change of judge, contending that court records indicated that the current sitting judge, Judge John Marnocha ("Judge Marnocha"), had served as the deputy prosecuting attorney in Dodd's original case. At the beginning of the resentencing hearing, Judge Marnocha addressed Dodd's motion. The judge explained that he always checked cases that originated before January 1999, when he had been a deputy prosecuting attorney, to make sure that he had not been involved in the underlying case and that he would always recuse himself from a case if he had some involvement in the case. Judge

---

[1] At the time of Dodd's offenses in 1997, attempted murder and Class C felony burglary were not included as "crimes of violence" under INDIANA CODE § 35-50-1-2.

Marnocha stated that he had checked Dodd's case and confirmed that he had no personal involvement and had not done any paperwork or charged the case. The judge also confirmed that Dodd's original case had been tried by a different prosecuting attorney. Dodd and his resentencing counsel then confirmed that they were ready to proceed with resentencing.]

At resentencing, the trial court noted that the original trial judge had found the aggravating factors to outweigh the mitigating factors, which we later upheld. The trial court used this as a "starting point" during its resentencing. Resentencing Tr. at 15. The trial court stated:

> And I don't want to confuse in resentencing the things that you may have done in the DOC and your conduct there with what the appropriate sentence is here. Because I think sentencing and modification are two separate issues. But in my review of the criminal history, my review of the facts and circumstances of this offense based on the pre-sentence report, my review of the Court of Appeals decision in this case and my sort of incorporating what Judge Brook found, based upon him being the trial judge, it seems to me that I agree with not only Judge Brook and the Court of Appeals, that the sentence should be a fifty-five[-]year sentence.

*Id.* at 18-19. The trial court imposed consecutive sentences of fifty years for the attempted murder and five years for the burglary, for a total of fifty-five years, [which was advisory sentence for the next highest sentencing classification (murder) and] the maximum sentence for this episode of criminal conduct [pursuant to INDIANA CODE § 35-50-1-2]. . . .

*Dodd v. State*, Cause No. 71A03-1312-CR-475, slip op. 1-2 (Ind. Ct. App. July 29, 2014) (bracketed facts added to complete the procedural history).

[4] Thereafter, Dodd filed an appeal of the trial court's resentencing order. His resentencing appellate counsel, Gary Griner ("Resentencing Appellate Attorney"), argued that the trial court had failed to consider several mitigating circumstances when resentencing Dodd. Specifically, counsel argued that the trial court: (1) should have considered Dodd's letters of support; (2) was mistaken in its belief that it could not consider his positive conduct after his original sentencing; and (3) had abused its discretion by not finding Dodd's remorse to be a mitigating factor. Our Court held that the trial court had not abused its discretion when declining to consider the letters of support because Dodd had not mentioned the letters during the resentencing hearing. Additionally, we acknowledged that evidence of Dodd's conduct after his original sentencing could have been considered during resentencing, but we held that there was no abuse of discretion because Dodd had admitted that he also had been in trouble while in prison. Our Court also acknowledged that, during Dodd's resentencing hearing, Dodd had once mentioned the officer he had shot but pointed out that Dodd had mostly focused on himself and his family. We gave deference to the trial court, who had been in the best position to determine whether Dodd was truly remorseful, and held that the trial court had not abused its discretion by rejecting this mitigating factor. Thus, we affirmed Dodd's fifty-five-year aggregate sentence.

[5] Subsequently, in 2015, Dodd sought and was granted permission to file a second successive post-conviction petition. Dodd then filed a successive petition for post-conviction relief, alleging, among other claims, that he had

received ineffective assistance of resentencing counsel and resentencing appellate counsel. As to appellate counsel, Dodd argued that Resentencing Appellate Attorney was ineffective for failing to raise the following appellate arguments: (1) ineffective assistance of resentencing counsel based on counsel's failure to inform the trial court about Dodd's accomplishments while incarcerated; and (2) the resentencing court improperly found aggravating circumstances that were not found by a jury as required under *Blakely v. Washington*. Additionally, Dodd raised a freestanding claim that Judge Marnocha should have recused himself from Dodd's resentencing hearing because it appeared that he may have been involved in Dodd's original case as a deputy prosecuting attorney.[2] Dodd also filed a motion for change of judge, seeking to have Judge Marnocha recuse himself from Dodd's successive post-conviction proceeding. Thereafter, Judge Marnocha recused himself from Dodd's proceeding, and a new post-conviction judge was appointed.

[6] Dodd subsequently filed an amended post-conviction petition, but he did not include that in his Appellant's Appendix. The post-conviction court's order indicates that the amended petition was limited to claims of ineffective assistance of resentencing counsel and resentencing appellate counsel. From the record before us, Dodd apparently included a claim that resentencing

---

[2] In support of his claim, Dodd stated that a discovery motion listed Judge Marnocha's name on it.

appellate counsel was ineffective for failing to argue on appeal that Judge Marnocha should have recused himself from Dodd's resentencing.[3]

[7] In August 2016, the post-conviction court held two days of evidentiary hearings. During the post-conviction hearings, Dodd called Resentencing Attorney, Resentencing Appellate Attorney, and Judge Marnocha as witnesses. Judge Marnocha testified, consistent with his explanation at Dodd's resentencing hearing, that he did not have any personal involvement in Dodd's underlying case. He acknowledged that a discovery motion had his name listed in the first paragraph of the document, but he pointed out that it contained the signature of Frank Shaffer ("Shaffer"), the deputy prosecutor who had been assigned to the case. He also explained that a secretary must have mistakenly put his name on the discovery motion. Additionally, Judge Marnocha testified that he recalled Dodd's case because it involved a police shooting, and he remembered the prosecutor at that time telling him that he was going to assign the case to Shaffer.

[8] When Resentencing Appellate Attorney testified, he indicated that he had made a strategic decision not to raise appellate issues regarding *Blakely* and the recusal of the resentencing judge. Specifically, Resentencing Appellate Attorney testified he did not raise a *Blakely* issue in Dodd's resentencing appeal because

---

[3] Dodd also raised claims alleging that he had received ineffective assistance of resentencing counsel because counsel had failed to take additional action to ensure that Judge Marnocha recused from the resentencing hearing and had failed to object to Judge Marnocha's use of some aggravating circumstances as violating *Blakely*.

he did not feel that it was a significant issue given Dodd's criminal history and the fact that he was on probation at the time of his offenses, both of which the trial court used as aggravators and did not require proof of those to a jury. Additionally, Resentencing Appellate Attorney testified that he did not raise an appellate challenge to Judge Marnocha's denial of Dodd's motion to recuse from his resentencing hearing because his review of the resentencing record showed that Judge Marnocha had explained that he had not been involved in Dodd's original case.

[9]     During Dodd's questioning of Resentencing Appellate Attorney, he asked counsel various questions about his sentence in relation to INDIANA CODE § 35-50-2-1.3(c).[4] Dodd suggested that, under that statute, the sentences for his Class A felony attempted murder and Class C felony burglary convictions should have been advisory sentences. The post-conviction court stopped Dodd's questioning multiple times to have him clarify his argument in regard to his

---

[4] INDIANA CODE § 35-50-2-1.3 was added by the legislature in 2005 when it changed the sentencing statutes from presumptive terms to advisory terms. Subsections (b) and (c) of this statute provide that:

> (b) Except as provided in subsection (c), a court is not required to use an advisory sentence.
>
> (c) In imposing:
>
>> (1) consecutive sentences for felony convictions that are not crimes of violence (as defined in IC [§] 35-50-1-2(a)) arising out of an episode of criminal conduct, in accordance with IC [§] 35-50-1-2;
>>
>> (2) an additional fixed term to an habitual offender under section 8 of this chapter; or
>>
>> (3) an additional fixed term to a repeat sexual offender under section 14 of this chapter;
>
> a court is required to use the appropriate advisory sentence in imposing a consecutive sentence or an additional fixed term. However, the court is not required to use the advisory sentence in imposing the sentence for the underlying offense.

raised claims of ineffective assistance of resentencing appellate counsel, as he had apparently not raised this sentencing issue in his post-conviction petitions. The post-conviction court allowed Dodd to submit a written argument after the hearing so that he could provide a more detailed explanation of his point. In his written argument, Dodd argued that, under INDIANA CODE § 35-50-2-1.3 in conjunction with INDIANA CODE § 35-50-1-2, he should have been sentenced to advisory terms for both his Class A and Class C felony convictions. He asserted that "Judge Marnocha abused his discretion by sentencing Dodd to a term above the two consecutive advisory terms for a class 'A' and class 'C' felonies" and then alleged that Resentencing Appellate Attorney was ineffective for failing to make that argument in his resentencing appeal. (App. Vol. 2 at 150).

[10] Thereafter, in February 2017, the post-conviction court entered an order denying Dodd's petition for successive post-conviction relief. The post-conviction court found, in relevant part, that Dodd had failed to meet his burden of showing that Resentencing Appellate Attorney had rendered ineffective assistance of counsel. Specifically, the post-conviction court found that Dodd had waived review of his newly raised sentencing argument regarding INDIANA CODE § 35-50-2-1.3 because he had not raised it in his initial or amended post-conviction petitions and that, waiver notwithstanding, Resentencing Appellate Attorney had not rendered ineffective assistance by failing to raise that issue on appeal. The post-conviction court also found that Resentencing Appellate Attorney had not rendered ineffective assistance by

failing to raise the recusal or *Blakely* issues on appeal because the resentencing record showed that Judge Marnocha had not personally participated in Dodd's original case and because any challenge to *Blakely* would not have changed the outcome of Dodd's resentencing appeal. The post-conviction court also found that the mitigating circumstances issue raised by resentencing appellate counsel was a "strategically sound issue" in comparison to the unraised issues. (App. Vol. 2 at 165). Dodd now appeals.[5]

# Decision

Dodd appeals the post-conviction court's order denying post-conviction relief on only his claim of ineffective assistance of resentencing appellate counsel. Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads

---

[5] The post-conviction court also denied Dodd relief on his ineffective assistance of resentencing counsel claims relating to recusal and *Blakely*. Dodd does not appeal the post-conviction court's denial of these ineffective assistance of resentencing counsel claims.

> unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal case citations omitted), *trans. denied.* Additionally, "[w]e will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court." *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, *cert. denied*.

[12] At the outset, we note that Dodd has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

[13] Turning to Dodd's post-conviction claims regarding ineffective assistance of resentencing appellate counsel, we recognize that we apply the same standard of review to a claim of ineffective assistance of appellate counsel as we do to an ineffective assistance of trial counsel claim. *Garrett v. State*, 992 N.E.2d 710, 724 (Ind. 2013). Thus, a petitioner alleging a claim of ineffective assistance of appellate counsel is required to show that: (1) counsel's performance was

deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*.

[14]    Ineffective assistance of appellate counsel claims "'generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, [which includes a failure to raise issues on appeal,] and (3) failure to present issues well.'" *Garrett v. State*, 992 N.E.2d 710, 724 (Ind. 2013) (quoting *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006)). Dodd's ineffective assistance of resentencing appellate counsel claims are based upon category (2), waiver of issues. Specifically, Dodd argues that his resentencing appellate counsel rendered ineffective assistance because he failed to raise the following appellate issues: (1) a challenge to his sentence received at resentencing based on *Blakely* and INDIANA CODE § 35-50-2-1.3; and (2) a challenge to the denial of Dodd's motion to have Judge Marnocha recuse from his resentencing hearing.

[15]     To evaluate the performance prong in a waiver-of-issues appellate counsel claim, our Court applies the following test: "(1) whether the unraised issues are significant and obvious from the face of the record[;] and (2) whether the unraised issues are 'clearly stronger' than the raised issues." *Garrett*, 992 N.E.2d at 724 (quoting *Timberlake v. State*, 753 N.E.2d 591, 605-06 (Ind. 2001), *reh'g denied*, *cert. denied*). The prejudice prong for the waiver-of-issues category of an ineffective assistance of appellate counsel claim requires an examination of whether the issues that appellate counsel failed to raise "'would have been clearly more likely to result in reversal or an order for a new trial.'" *Garrett*, 992 N.E.2d at 724 (quoting *Bieghler v. State,* 690 N.E.2d 188, 193 (Ind. 1997), *reh'g denied*, *cert. denied*).

[16]     "Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on . . . appeal" because "the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Reed*, 856 N.E.2d at 1196. "'Accordingly, when assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable.'" *Conner v. State*, 711 N.E.2d 1238, 1252 (Ind. 1999), *reh'g denied*, *cert. denied*. (quoting *Bieghler,* 690 N.E.2d at 194). To show that appellate counsel was ineffective for failing to raise an issue on appeal, a petitioner "'must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly

deferential.'" *Garrett*, 992 N.E.2d at 724 (quoting *Ben-Yisrayl v. State*, 738 N.E.2d 253, 260-61 (Ind. 2000), *reh'g denied*, *cert. denied*).

[17]     Here, we need not review Dodd's argument that his resentencing appellate counsel rendered ineffective assistance by failing to argue that his fifty-five-year sentence imposed during resentencing was contrary to INDIANA CODE § 35-50-2-1.3 because, as noted by the post-conviction court, Dodd did not present this claim in his initial or amended post-conviction petitions. "Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal." *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (citing Ind. Post–Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition.")), *reh'g denied*, *cert. denied*. Because Dodd did not raise this ineffective assistance of resentencing appellate counsel claim in his post-conviction petitions, he has waived any such argument. *See, e.g., Koons v. State,* 771 N.E.2d 685, 691 (Ind. Ct. App. 2002) (holding that issues not raised in the petition for post-conviction relief may not be raised for the first time on the post-conviction appeal; the failure to raise an argument in the petition waives the right to raise the argument on appeal), *trans. denied.*[6]

---

[6] Waiver notwithstanding, Dodd's claim is without merit because he has failed to meet his burden of showing that counsel rendered deficient performance or that he was prejudiced by counsel's failure to pursue the issue in his resentencing appeal. *See Robertson v. State*, 871 N.E.2d 280, 285-86 (Ind. 2009) (explaining the application of INDIANA CODE § 35-50-2-1.3(c) and revealing the lack of merit in Dodd's argument that the statute required the resentencing court to impose an advisory term for each of his convictions).

[18] Turning to Dodd's remaining ineffective assistance of appellate counsel claims, we conclude that he has failed to meet his burden of showing the deficient performance or prejudice necessary to prove that Resentencing Appellate Attorney rendered ineffective assistance of counsel by failing to raise an appellate challenge to recusal and *Blakely*. Resentencing Appellate Attorney's testimony during the post-conviction hearing clearly shows that he made a strategic decision to exclude the recusal and *Blakely* issues in favor of the mitigating circumstances issue that he had raised in the resentencing appeal. Resentencing Appellate Attorney testified he did not raise a *Blakely* issue in Dodd's resentencing appeal because he did not feel that it was a significant issue given Dodd's criminal history and the fact that he was on probation at the time of his offenses, both of which the trial court used as aggravators and did not require proof of those to a jury. Additionally, Resentencing Appellate Attorney testified that, despite Judge Marnocha's name appearing on some court records, he did not raise an appellate challenge to Judge Marnocha's denial of Dodd's motion to recuse from the resentencing hearing because counsel's review of the resentencing record showed that Judge Marnocha had explained that he had not been involved in Dodd's original case. Additionally, the post-conviction court found that the mitigating circumstances issue was a strategically sound issue and was more likely to have resulted in a new resentencing had it succeeded.

[19] Dodd, however, has not shown that these unraised issues were significant and obvious from the face of the record and that they were clearly stronger than the

raised issue, which is required to show that appellate counsel rendered deficient performance on a waiver-of-issue claim. *See Garrett*, 992 N.E.2d at 724. Nor has Dodd shown the requisite prejudice that these unraised issues would have been clearly more likely to result in reversal than the issue raised on appeal. *See id.* Instead, he sets forth arguments regarding these issues as if they are freestanding claims of error and then makes a conclusory assertion that the outcome of his resentencing appeal would have been different had they been raised in his resentencing appeal. Thus, Dodd has failed to show that the post-conviction court erred by finding that resentencing appellate counsel's performance was not deficient. *See Conner*, 711 N.E.2d at 1252 (explaining that when assessing appellate ineffectiveness claims based on a waiver of issues, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others and that such ineffectiveness claims are "very rarely found"). Because Dodd has failed to show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court, we affirm the post-conviction court's denial of post-conviction relief on Dodd's ineffective assistance of resentencing appellate counsel claims.

[20] Affirmed.[7]

---

[7] Dodd also argues that the post-conviction court erroneously relied upon *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016) when deciding whether resentencing and resentencing appellate counsel rendered deficient performance in regard to the recusal issue, contending that the case was not in effect at the time of his 2013 resentencing. Dodd, however, has waived any such argument based on the doctrine of invited error. "This doctrine—based on the legal principle of estoppel—forbids a party from taking 'advantage of an error that

Kirsch, J., and Bailey, J., concur.



[]he commits, invites, or which is the natural consequence of her own neglect or misconduct'" and it "may apply to a variety of errors the party requested of the trial court[.]" *Durden v. State*, -- N.E.3d --, 2018 WL 3040338 at *3 (Ind. June 20, 2018) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). During the post-conviction hearing, when Dodd was discussing the recusal issue, he referred the post-conviction court to *Williams* and stated that he wanted "to enter [it] into the record." (Tr. Vol. 2 at 35). Because Dodd invited the error of which he now complains, he has waived any argument regarding the alleged error. *See Durden*, -- N.E.3d --, 2018 WL 3040338 at *8 (applying the invited error doctrine to structural error). Moreover, the post-conviction court did not rely solely upon the Williams case to decide the issue of deficient performance; it also relied upon a case that was in effect at the time of his resentencing—*Patterson v. State*, 926 N.E.2d 90 (Ind. Ct. App. 2010)—when deciding that there was no deficient performance because the record and Judge Marnocha's testimony showed that he had not participated in Dodd's original case.